# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC., | Case No. 1:23-cv-01309-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND FIRST AFFIRMATIVE DEFENSE FOR FAILURE TO MEET AND CONFER |
| v. | |
| PIV ENTERPRISES, INC., | |
| Defendant. | (ECF No. 20) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

On April 16, 2024, Plaintiff Mike's Novelties, Inc. ("MNI") filed a motion to dismiss Defendant PIV Enterprises, Inc.'s ("PIV") first affirmative defense and first and second counterclaims in its second amended answer and counterclaims ("SAAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court recommends MNI's motion to dismiss be denied for failure to meet and confer as required by the Court's Standing Order.

## II.

## BACKGROUND

On December 4, 2023, MNI filed a motion to dismiss PIV's first and second amended counterclaims for federal trademark infringement and false designation of origin in PIV's first

amended countercomplaint.  (ECF No. 8.)   On February 6, 2024, the Court issued its findings and recommendations recommending that MNI's motion to dismiss PIV's first and second counterclaims be dismissed with leave to amend.  (ECF No. 16.)  On March 12, 2024, the District Judge adopted the findings and recommendations and ordered that PIV file any second amended answer and counterclaims within twenty-one days.  (ECF No. 17.)  On April 2, 2024, PIV filed the SAAC.  (ECF No. 19.)

On April 16, 2024, MNI filed a motion to dismiss PIV's first affirmative defense and its first and second counterclaims in the SAAC.  (ECF No. 20.)  MNI submitted a declaration by counsel in support of its motion to dismiss that states, in relevant part:

> 2. I received the Second Amended Answer and Counterclaims filed by Defendant PIV Enterprises, Inc. ("PIV") on April 2, 2024.
>
> 3. However, I was traveling for vacation the week of April 2, 2024, so I was not able to fully review PIV's filing until the following week.
>
> 4. After reviewing PIV's Second Amended Answer and Counterclaims, and after discussing PIV's filing with my client, I realized that we only had 14 days from April 2, 2024, to file a responsive pleading pursuant Fed.R.Civ.P. 15 [*sic*].
>
> 5. By the time we decided to file MNI's Motion to Dismiss, the 14 day statutory deadline was upon us.  Thus, we did not have time to schedule a meet and confer with PIV's counsel in time to meet the statutory deadline.
>
> 6. Therefore, I did not meet and confer with PIV's counsel on the matters raised in MNI's Motion to Dismiss.
>
> 7. However, based on MNI's prior motion to dismiss and the discussions I have [*sic*] with PIV's counsel related thereto, I do not reasonably believe that a meet and confer would have resulted in any stipulations or resolutions of any of the issues raised in MNI's motion to dismiss.

(Declaration of Louis F. Teran Supp. Pl.'s Mot. Dismiss ("Teran Decl."), ECF No. 20 at 10.)

On April 17, 2024, the motion was referred to the undersigned for the preparation of findings and recommendations.  (ECF No. 21.)

/ / /

/ / /

/ / /

2

# III.

## DISCUSSION

This Court's Standing Order requires that counsel meet and confer before filing a motion in a case. (ECF No. 4-1 at 2.)   Counsel must "discuss thoroughly the substance of the contemplated motion and any potential resolution." (Id.)  Meeting and conferring is not a box-ticking exercise for parties to perfunctorily perform prior to filing a motion. "Meeting and conferring saves time and money for all involved—if done correctly.  Productive discussions spare both the moving and opposing party the time they would otherwise have devoted to writing unnecessary or ineffective arguments." Mollica v. County of Sacramento, No. 2:19-cv-02017-KJM-DB, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).   "When attorneys resolve disputes informally to the extent they can, they allow judges to give their attention only to those disputes remaining and to other cases.  In this way, other litigants also benefit when attorneys meet and confer effectively." (Id.)  The Court's Standing Order requiring that counsel meet and confer therefore "facilitates informal dispute resolution and thereby promotes judicial economy." Pac. Receivables, LLC v. T-3 Green House Supply, LLC, No. 2:23-cv-01081-KJM-DMC, 2023 WL 4534146, at *1 (E.D. Cal. July 13, 2023).

Given the proffered statements in the declaration filed in support of MNI's motion to dismiss, counsel for MNI unequivocally failed to meet and confer prior to filing the motion and thereby failed to comply with the Court's Standing Order.  The Court is unpersuaded that despite having time to draft and file a notice of motion, a memorandum of points and authorities, and a declaration, counsel for MNI did not have time to meet and confer with counsel for PIV to determine whether the motion was necessary or could not be resolved without the Court.  The declaration states that MNI did not even attempt to schedule a meet and confer with PIV at any time between receiving the SAAC on April 2, 2024 and filing the instant motion on April 16, 2024.  (Teran Decl. ¶¶ 2,5.)  Local Rule 144 provides parties relief should an extension of time be necessary and supported by good cause.  However, there is no indication that counsel for MNI filed a motion for an extension of time or sought a stipulated extension of time to respond to PIV's SAAC.

1    The Court is not willing to recommend excusing noncompliance with the Standing Order
2    given its prior experience with MNI's motion to dismiss PIV's first amended counterclaims.  In
3    both the hearing held on January 17, 2024 and in its findings and recommendations issued on
4    February 6, 2024, the Court admonished MNI for its briefing that fell "far short of informing the
5    Court of MNI's basis for its motion to dismiss."  (ECF No. 16 at 14 n.6.)  Counsel for MNI
6    explained at the hearing that MNI's inadequate briefing was due to its uncertainty as to what
7    PIV's second counterclaim was asserting.  (Id.)  Clearly, MNI's confusion should have been
8    addressed in the parties' requisite thorough discussion of the substance of MNI's initial motion
9    to dismiss when the parties purportedly met and conferred on or around November 27, 2023.
10   (ECF No. 8 at 2 (designating in one sentence that the parties met and conferred via telephone
11   without inclusion of the required summary of meet and confer efforts).)  Instead, the January 17,
12   2024 hearing served as a meet and confer between the parties where the Court afforded PIV the
13   opportunity on the record to clarify for MNI what it intended to allege in its second amended
14   counterclaim.  By failing to comply with this Court's Standing Order and filing the instant
15   motion to dismiss without even attempting to schedule a meet and confer with counsel for PIV,
16   MNI is requesting that this heavily impacted Court host a second meet and confer on the record.
17   The Court recommends denying such request.

18        Further, MNI's supporting declaration blanketly asserts that "based on MNI's prior
19   motion to dismiss and the discussions I have [*sic*] with PIV's counsel related thereto, I do not
20   reasonably believe that a meet and confer would have resulted in any stipulations or resolutions
21   of any of the issues raised in MNI's motion to dismiss."  (Teran Decl. ¶ 7.)    However,
22   "[a]ttorneys are not excused from their obligation to meet and confer simply because they
23   believe meeting and conferring would probably not moot an anticipated motion."  Mollica, 2022
24   WL 15053335, at *1.  Further, MNI's instant motion requests dismissal of PIV's first affirmative
25   defense asserting incontestability. (ECF No. 20 at 4-5.)  However, MNI's December 2023
26   motion to dismiss the first amended counterclaims did not move to dismiss—nor did it even
27   address—PIV's first affirmative defense asserting incontestability.  (ECF No. 8.)  MNI fails to
28   explain the context of the previous discussions that demonstrates that meeting and conferring on

1  the issues subject to the instant motion to dismiss—including an issue *not* previously raised—
2  would not have resulted in any stipulation or resolution.

3      Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
4  Rules *or with any order of the Court* may be grounds for imposition by the Court of any and all
5  sanctions … within the inherent power of the Court." (Emphasis added.) "Denial of a motion as
6  the result of a failure to comply with local rules is well within a district court's discretion." Tri-
7  Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) (citing Grove v.
8  Wells Fargo Fin. California, Inc., 606 F.3d 577, 582 (9th Cir. 2010)).  Because MNI's motion is
9  not in compliance with the Standing Order and the Court finds there is no reason to excuse the
10  meet and confer requirement prior to filing the motion, the Court recommends denying
11  Defendants' motion to dismiss.

12                                **V.**

13                    **RECOMMENDATION AND ORDER**

14      For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff Mike's
15  Novelties, Inc.'s motion to dismiss Defendant PIV Enterprises, Inc.'s first affirmative defense
16  and first and second counterclaims in his second amended answer and counterclaims (ECF No.
17  20) be DENIED without prejudice for failure to meet and confer as required by the Court's
18  Standing Order.
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, the parties may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 26, 2024**

UNITED STATES MAGISTRATE JUDGE