Louis F. Teran (SBN 249494)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Telephone:  (818) 484-3217 x200
Facsimile:  (866) 665-8877

Attorneys for Plaintiff
Mike's Novelties, Inc.

John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
THE BUCHE LAW FIRM, P.C.
901 S MoPac Expy, Bldg. 1, Ste. 300
Austin, TX 78746
Telephone: (512) 215-4997
Facsimile: (858) 430-2426

Attorneys for Defendant
PIV Enterprises, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC., a Texas corporation,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>    v.<br><br>PIV ENTERPRISES, INC., a California corporation,<br><br>        Defendant/Counterclaim-Plaintiff. | Case No.:  1:23-CV-01309-JLT-SAB<br><br>**JOINT BRIEF FOR INFORMAL DISCOVERY CONFERENCE**<br><br>**Informal Discovery Conference:**<br><br>**Date:  March 18, 2024**<br><br>**Time:  11:00 am**<br><br>**Courtroom:  9 (6th Floor)**<br><br>**Judge: Hon. Stanley A. Boone** |

JOINT BRIEF FOR INFORMAL DISCOVERY CONFERENCE

## I.   SUMMARY OF MEET AND CONFER EFFORTS

On March 7, 2025, Plaintiff Mike's Novelties, Inc.'s ("Plaintiff" or "MNI") counsel, Louis F. Teran, and Defendant PIV Enterprises, Inc.'s ("Defendant" or "PIV") counsel, Byron Ma, met and conferred by phone.  PIV's counsel raised two issues: (1) missing production of documents; and (2) MNI's waiver and untimely objections.  On the call, MNI's counsel said documents would be produced; however, the parties did not come to a resolution regarding withdrawal of MNI's untimely objections and whether documents were being withheld on the basis of those objections.

## II.   DEFENDANT PIV'S STATEMENT OF DISCOVERY DISPUTE

PIV requests the Court order MNI to produce documents, overrule objections in response to PIV's First Amended Requests for Production and Interrogatories, and deem Request for Admission No. 9 admitted.  MNI repeatedly promised documents would be produced—since October 2024.  Given MNI's significant delay and failure to produce documents, PIV was forced to send the Court an informal discovery conference request on March 11.  MNI's first document production was on March 13, 2025, and it only contained a paltry 123 pages of public trademark application filings, printouts of PIV's public website and C&D letter.

As background, back on August 27, 2024, PIV served its 1st set of discovery requests.  On September 23, 2024, MNI requested a 30-day extension, which PIV granted.  On October 28, 2024, MNI blanket-objected to nearly every request and did not produce a single document.  On November 20, 2024, PIV sent a deficiency letter.  After MNI's delay in responding, counsel conferred on December 18, 2024, wherein PIV agreed to amend definitions of certain terms in the requests and serve the amended requests by December 20, 2024.  As another courtesy, PIV provided MNI until January 17, 2025 to respond to the amended requests.  On December 20, PIV served its Amended 1st set of discovery requests ("Amended Requests").  On January 17, 2025, MNI completely failed to respond to PIV's Amended Requests and did not produce a single document.

On January 22, 2025, PIV sent a deficiency letter.  On January 23, 2025, MNI requested 3-week extension because MNI's counsel was impacted by the Los Angeles County fires.  Although MNI did not request this extension until after the response deadline and PIV's January 22 letter, understanding the severity of the fires and the reason for the extension, PIV granted another 3-week extension from January 28 to February 18, 2025, with the understanding (expressed in writing) that all objections were waived.  MNI never responded or objected to this arrangement.  On February 18, 2025, however, MNI, yet again, failed to provide any responses or produce *any* documents.

JOINT BRIEF FOR INFORMAL DISCOVERY CONFERENCE

On February 24, 2025, PIV requested a meet and confer regarding this dispute. Without conferring, MNI provided untimely objections to numerous discovery requests and, again, failed to produce a single document. On February 26, PIV sent MNI a deficiency letter. PIV requested MNI provide responses with the objections withdrawn, produce documents, provide an admitted response to Request for Admission No. 9, and provide a time for a meet and confer by March 3. To accommodate MNI's counsel's schedule, counsel conferred on March 7, wherein MNI said documents would be produced. On March 11, having not received any documents, PIV could no longer rely on MNI's representations and requested this discovery conference. Finally, on March 13, MNI produced 123 pages of public trademark filings, printouts of PIV's website, and a C&D letter. There were no documents related to the Accused Product.

Pursuant to Fed. R. Civ. P. and parties' correspondence, MNI's untimely objections were waived. Failure to timely respond to discovery requests constitutes a waiver of objections. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived," unless the court excuses the failure); *Sprague v. Fin. Credit Network, Inc.*, No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("courts have interpreted Rule 34 regarding waiver consistent with Rule 33"). MNI's failure to timely object *on multiple occasions* resulted in multiple waivers of objections. Deadlines to raise the current objections were October, 28, 2024 (MNI did not raise the current objections) and January 17, 2025 (MNI did not serve any objections). After an extension with the understanding that objections were waived, MNI again failed to serve responses (or objections) on the February 18, 2025 deadline.

MNI's untimely February 24 responses blanket-objected to 23 requests for production, in large part, on the grounds they were "irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations." MNI also objected to 9 interrogatories "on grounds that it is overbroad as to time." Most requests seek documents and information related to sales, inventory, manufacturing, production, packaging, communications, and financial information related to the Accused Products from 2017 to present. None of these objections were raised in the October 28, 2024 responses to PIV's 1st set of requests and the Amended Requests only amended definitions. For the objected to interrogatories, MNI did not provide any responses.

If the Court does not find the objections waived, they should be still withdrawn because sales, inventory, manufacturing, production, packaging, communications, and financial information

JOINT SCHEDULING REPORT

going back to 2017, or longer, are important, in part, to cross reference PIV's sales to MNI with MNI's inventory and sales. This case involves a counterfeit product but MNI asserts it "purchased the ACCUSED PRODUCTS from [PIV] over 5 years ago." PIV discovered the product packaging is different from the products PIV sold to MNI. Furthermore, objections based on a statute of limitations are not proper since (i) statute of limitations arguably does not apply and (ii) MNI never asserted statute of limitations as a defense in its answer to PIV's counter claims. They would also still be *discoverable* since a judgement has not removed such legal issues from the case. Finally, MNI's untimely response to Request for Admission No. 9 should be deemed admitted. A matter is admitted unless, a party provides an answer or objection within 30 days after being served." Fed. R. Civ. P. 36(a)(3).

### III. PLAINTIFF MNI'S STATEMENT OF DISCOVERY DISPUTE

Defendant raises issues with the First set of discovery requests that were served on August 27, 2024. However, as Defendant acknowledges, those discovery requests are not at issue in this matter. Even more, said discovery requests were properly responded and after several meet and confer efforts, Defendant acknowledged that the requests were deficient and agreed to sever amended discovery requests which it did on December 20, 2024. Thus, it is the amended discovery requests that are at issue in this matter, not the first set of discovery requests.

Nevertheless, the amended discovery requests were served on December 20, 2024, so the responses were due on January 20, 2025. However, on January 7, 2025, a catastrophic and unprecedented fire, named the Eaton Fire, ravaged through the city of Pasadena. Unfortunately, the home and office of Plaintiff's counsel is in the city of Pasadena. The Eaton fire was not fully contained until January 31, 2025, and for most of the time between January 7 and January 31, most of the city of Pasadena was evacuated and covered in thick smoke. As such, Plaintiff's counsel was forced to evacuate the city for most of that time and could not get to his office. Thus, Defendant's counsel granted a three-week extension to respond to the discovery until February 18, 2025. Unfortunately, Plaintiff's counsel was unable to complete and serve the responses until a few days after on February 24, 2025. The slight delay was entirely due to the Eaton Fire.

Defendant's primary issue is with Plaintiff's objection to most of the responses. More specifically, the objection made on the grounds that the discovery requests were "irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago" and "in fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of

limitations."  But, it is important to note that immediately following said objection, Plaintiff responded as follows:

> "Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search."

Even more, Plaintiff produced all responsive documents and information it was able to locate.  Regardless, Defendant takes issue with the objection and seeks an order to waive said objection.  However, the objection is proper because the facts and evidence that is relevant to this case must be related to the claims and defenses asserted.  In addition, the claims and defenses asserted have a statute of limitation of 4 years.  Therefore, any facts or evidence before the statute of limitation cannot be relevant to the claims and defenses asserted in this case.  But, more important, the Federal Rules of Civil Procedure expressly require as follows:

> "An objection must state whether any responsive materials are being withheld on the basis of that objection."

Therefore, Plaintiff has a strict requirement to disclose any responsive material that it is withholding on the basis of the objection.  But, in this case, Plaintiff has not disclosed any such material because it is not withholding any material on the basis of this objection.  Instead, Plaintiff is simply asserting this objection as it is allowed to do.  Thus, Plaintiff is not in violation of the discovery rules.

The second issue raised by Defendant is Request for Admissions No. 9 which Plaintiff denied but Defendant now wishes it to be admitted due to Plaintiff's untimely response.  However, Plaintiff's response was only delayed by a few days from February 18 to February 24.  Even more, the delay was not a result of Plaintiff whatsoever.  Instead, the delay was strictly a result of Plaintiff's counsel who was facing unprecedented circumstances caused by the catastrophic Eaton Fire. Thus, Plaintiff did not act in bad faith or with any intention to cause undue delay in this case. Instead, the slight delay was justified and not sufficient to prejudice Plaintiff in this case.

DATED:  March 17, 2025

By:_____

Louis F. Teran
Attorney for Plaintiff
Mike's Novelties, Inc.

4

JOINT SCHEDULING REPORT

DATED: March 17, 2025                    THE BUCHE LAW FIRM, P.C.

By: */s/ John K. Buche*
John K. Buche (CA Bar No. 239477)
Byron E. Ma (CA Bar No. 299706)

*Attorneys for Defendant*
*PIV Enterprises, Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed with the Court on March 17, 2025.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated: <u>March 17, 2025</u>                    */s/ Byron Ma*
Byron Ma

JOINT SCHEDULING REPORT