Louis F. Teran (SBN 249494)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Telephone:  (818) 484-3217 x200
Facsimile:  (866) 665-8877

Attorneys for Plaintiff
Mike's Novelties, Inc.

John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
THE BUCHE LAW FIRM, P.C.
901 S MoPac Expy, Bldg. 1, Ste. 300
Austin, TX 78746
Telephone: (512) 215-4997
Facsimile: (858) 430-2426

Attorneys for Defendant
PIV Enterprises, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE'S NOVELTIES, INC., a Texas corporation, | Case No.: 1:23-cv-01309-JLT-SAB |
| Plaintiff / Counterclaim-Defendant, | **JOINT STATEMENT REGARDING DISCOVERY** |
| v. | Judge: Hon. Stanley A. Boone |
| PIV ENTERPRISES, INC. a California corporation, | |
| Defendant / Counterclaim-Plaintiff. | |

1

## I.    INTRODUCTION

Mike's Novelties, Inc. ("MNI" or "Plaintiff") and Defendant PIV Enterprises, Inc. ("PIV" or "Defendant") hereby submit a Joint Statement Regarding Discovery Disagreement ("Joint Statement") pursuant to the Court's Order directing the parties to file a Joint Statement pursuant to L.R. 251(c).  Doc. 34.  This Joint Statement is supported by the Declaration of Byron Ma ("Decl. Ma") and the Declaration of Louis Teran ("Decl. Teran").

## II.    DETAILS OF THE CONFERENCE

On March 7, 2025, Plaintiff MNI's counsel, Louis F. Teran, and Defendant PIV's counsel, Byron Ma, met and conferred by phone.  PIV's counsel raised two issues: (1) missing production of documents; and (2) MNI's waiver and untimely objections.  On the call, MNI's counsel said documents would be produced; however, the parties did not come to a resolution regarding withdrawal of MNI's untimely objections and whether documents were being withheld on the basis of those objections.

## III.    NATURE OF ACTION AND FACTUAL DISPUTES

### a.    Defendant PIV's Statement

On September 1, 2023, Plaintiff MNI filed a complaint against Defendant PIV for (i) Declaration of Non-Infringement of Trademark; (ii) Declaration of Non-Counterfeiting of Trademark; (iii) Declaration of Invalidity of U.S. Trademark Reg. No. 5,298,938; and, (iv) Declaration of Invalidity of U.S. Trademark Reg. No. 5,034,069.  Doc. 1.  On April 2, 2024, PIV filed a Second Amended Answer and Counterclaims ("SAAC") against MNI for: (i) federal trademark infringement; (ii) false designation and false advertising pursuant to 15 U.S.C. § 1125(a); (iii) common law trademark infringement; (iv) common law unfair competition; and, (v) unfair competition pursuant to California Business and Professions Code § 17200 et seq.  Doc. 19.  On June 3, 2024, MNI filed an answer to PIV's SAAC without asserting any affirmative defenses.  Doc. 27.

PIV has federal trademark registrations for the words MAGNUM DETOX and the following design in connection with mouth wash (collectively referred to as "MAGNUM DETOX Marks"):



1

JOINT STATEMENT REGARDING DISCOVERY

PIV actively uses its MAGNUM DETOX Marks in connection with a family of Magnum Detox branded detox, cleansing, and lifestyle products.  Doc. 19, at 10-13 ¶15.

PIV alleges MNI manufactures, distributes, and/or sells a counterfeit synthetic urine product bearing the MAGNUM DETOX Marks ("Accused Product").  *Id*. at 13-16.   MNI previously purchased authentic Magnum Detox products bearing the MAGNUM DETOX Marks from PIV from 2005 to 2017.  *Id*.  at 13 ¶17-19.  The product packaging of MNI's Accused Product is ever so slightly different from the authorized product it purchased from PIV, but it still displays the same design as the MAGNUM DETOX Marks, nearly identical color schemes, a nearly identical product packaging graphic design, a nearly identical bottle, and it displays PIV's website URL and phone number.  *Id*. at 13 ¶20 - 16 ¶23.  As a result of MNI''s unauthorized use of the MAGNUM DETOX Marks, there has been actual confusion as PIV has received numerous calls and inquiries from customers who purchased the unauthorized Accused Product from MNI.  *Id*. at ¶25.  PIV's discovery requests at issue relate to MNI's manufacture, distribution, and sale of the Accused Product and MNI's use of the MAGNUM DETOX Marks.

## IV.    DISCOVERY REQUESTS AT ISSUE

### a.    Requests for Production Nos. 1-19, 27-29, and 36

**REQUEST NO. 1**
Produce all invoices you have received from PIV for the purchase of any goods featuring "MAGNUM DETOX" as a mark on the product packaging since January 2005 to present.

**RESPONSE TO REQUEST NO. 1**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 20 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  Objections should be overruled because (i) they are waived as untimely; (ii) MNI's invoices dating back to 2005 are relevant to cross reference any of PIV's sales to MNI and MNI's total sales of the Accused Product because MNI may assert it is selling the inventory it received from

JOINT STATEMENT REGARDING DISCOVERY

PIV dating back to the initial order, show knowledge of the MAGNUM DETOX Marks and brand, calculate damages, and support claims related to misappropriation and willful actions; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), the defense has not been an established, and statute of limitations is an affirmative defense that does not generally affect discovery. *See Allen v. Similasan Corp.*, No. 12-CV-376-BAS-JLB, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014).

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 2**
Produce all correspondence you have had with PIV related to the purchase of any goods featuring "MAGNUM DETOX" as a mark on the product packaging since January 2005 to present.

**RESPONSE TO REQUEST NO. 2**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 20 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:   Objections should be overruled because (i) they are waived as untimely; (ii) correspondence dating back to 2005 is relevant to show knowledge of the MAGNUM DETOX Marks and brand and support claims related to misappropriation and willful actions, and (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), and it has not been an established, it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

JOINT STATEMENT REGARDING DISCOVERY

**REQUEST NO. 3**
Produce all correspondence with any third parties regarding manufacturing synthetic urine for YOU from January 2017 to present.

**RESPONSE TO REQUEST NO. 3**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this caser elates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  Objections should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the claims involving trademark infringement and counterfeit goods to see who is manufacturing the Accused Product for MNI, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), it has not been an established, and it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 4**
Produce all correspondence with any third parties regarding producing product packaging featuring "MAGNUM DETOX" as a mark for YOU from January 2017 to present.

**RESPONSE TO REQUEST NO. 4**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  Objections should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the claims involving trademark infringement and counterfeit goods to see

who is producing the product packaging for the Accused Product for MNI, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), it has not been an established, and it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 5**
Produce all correspondence with any third parties regarding the bottle used for the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 5**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:   Objections should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the claims involving trademark infringement and counterfeit goods to see who is producing the bottle for the Accused Product for MNI, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), it has not been an established, and it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

5

JOINT STATEMENT REGARDING DISCOVERY

**REQUEST NO. 6**
Produce all invoices YOU receive from any third parties regarding producing product packaging featuring "MAGNUM DETOX" as a mark for YOU from January 2017 to present.

**RESPONSE TO REQUEST NO. 6**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  Objections should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the claims involving trademark infringement and counterfeit goods to see who is producing the product packaging for the Accused Product for MNI, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), it has not been an established, and it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 7**
Produce all purchase orders YOU sent to any third parties to produce product packaging featuring "MAGNUM DETOX" as a mark for YOU from January 2017 to present.

**RESPONSE TO REQUEST NO. 7**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 4.

6

JOINT STATEMENT REGARDING DISCOVERY

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 8**
Produce all documents that reflect the number of ACCUSED PRODUCTS that YOU sold from January 2017 to present.

**RESPONSE TO REQUEST NO. 8**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:   Objection should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the PIV's claims of infringement, false designation of origin, unfair competition, damages, and cross referencing product, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative defense in its answer to PIV's counterclaims (Doc. 27), it has not been an established, and it is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 9**
Produce all documents that reflect the number ACCUSED PRODUCTS that you produced from January 2017 to present.

**RESPONSE TO REQUEST NO. 9**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents

7

in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 10**
Produce all documents that reflect your total inventory of ACCUSED PRODUCTS that you produced from January 2017 to present.

**RESPONSE TO REQUEST NO. 10**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 11**
Produce all invoices that you sent to any other party who purchased the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 11**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

8

JOINT STATEMENT REGARDING DISCOVERY

**REQUEST NO. 12**
Produce all receipts that you sent to any other party who purchased the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 12**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.


**REQUEST NO. 13**
Produce all documents that show the revenues earned from the sale of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 13**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.


**REQUEST NO. 14**
Produce documents sufficient to evidence YOUR gross sales in dollars and units, broken down by quarter, year, and retail channel, for the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 14**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case

9

JOINT STATEMENT REGARDING DISCOVERY

relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 15**
Produce documents sufficient to evidence your PROFITS on a per unit basis from sales of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 15**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Responding Party further objects to this request on grounds that it is vague and ambiguous as to the term "PROFITS" which is capitalized but provides no definition. Without a definition to this capitalized term, Responding Party cannot fully comply with its obligations under the Federal Rules of Civil Procedure. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 16**
Produce documents sufficient to evidence your PROFITS on a quarterly basis from sales of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 16**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Responding Party further objects to this request on grounds that it is vague and ambiguous as to the term "PROFITS" which is capitalized but provides no definition. Without a definition to this capitalized term, Responding Party cannot fully comply with its obligations under the Federal Rules of Civil Procedure. Without

10

waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 17**
Produce documents sufficient to evidence you costs of goods sold from sales of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 17**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 18**
Produce documents sufficient to evidence your profit margins from sales of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 18**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

11

JOINT STATEMENT REGARDING DISCOVERY

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 19**
Produce all documents reflecting communications between YOU and any purchaser or potential purchaser of the ACCUSED PRODUCTS from January 2017 to present.

**RESPONSE TO REQUEST NO. 19**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 27**
Produce documents sufficient to show the demographics of consumers to whom the ACCUSED PRODUCTS is or has been marketed or sold since January 2017.

**RESPONSE TO REQUEST NO. 27**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  Objection should be overruled because (i) they are waived as untimely; (ii) the request is highly relevant to the PIV's claim for trademark infringement to prove a likelihood of confusion and to show that the consumers of PIV's detox and lifestyle products are the same consumers of the Accused Product, and it is limited in time to after January 2017 around when PIV stopped selling product to MNI; and, (iii) there is no statute of limitations for federal trademark infringement under the Lanham Act, MNI does not assert statute of limitations as an affirmative

12

defense in its answer to PIV's counterclaims (Doc. 27), the defense has not been an established, and statute of limitations is an affirmative defense that does not generally affect discovery. *See Allen*, 2014 WL 2212120, at *2.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 28**
Produce documents sufficient to show the geographic markets in which ACCUSED PRODUCTS is or has been promoted or sold in since January 2017.

**RESPONSE TO REQUEST NO. 28**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 27.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**REQUEST NO. 29**
Produce documents sufficient to show the channels of trade through which ACCUSED PRODUCTS is or has been promoted or sold in since January 2017.

**RESPONSE TO REQUEST NO. 29**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. Without waiving the above objections, Responding Party responds as follows: Responding Party will produce copies of non-privileged responsive documents in its possession, custody, or control to the extent they exist and can be found after a reasonable search.

PIV's Statement:  See statement to Request No. 27.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

JOINT STATEMENT REGARDING DISCOVERY

**REQUEST NO. 36**
Produce YOUR tax returns from 2017 to present.

**RESPONSE TO REQUEST NO. 36**
Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. In addition, Responding Party objects to this request on grounds that it is irrelevant and overbroad since this case relates only to one type of product whereas the tax returns requested relates to Responding Party's entire business which includes a multitude of types of products. Furthermore, Responding Party objects to this request on grounds that it seeks highly confidential information and privileged information that is protected from disclosure by state and federal laws.

PIV's Statement:  See response to Request No. 8.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

b.      Interrogatory  Nos. 6-8, 10-13, and 15-16

**INTERROGATORY NO. 6**
State the total dollar amount that YOU received from the sale of ACCUSED PRODUCTS in the United States.

**RESPONSE TO INTERROGATORY NO. 6**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  Objection should be overruled because (i) it is waived as untimely and (ii) MNI's total dollars amount received from the sale of the Accused Product is relevant for calculating damages for infringement, false designation, and unfair competition claims, cross referencing PIV's sales to MNI with MNI's sales, and to support claims related to misappropriation and willful actions.  It is not overbroad as to time because damages can go as far back as when the infringement started.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

14

JOINT STATEMENT REGARDING DISCOVERY

**INTERROGATORY NO. 7**

Identify the total dollar amount of profits you earned from the sale of the ACCUSED PRODUCTS in the United States. Identify these profits both on a per unit and also quarterly basis.

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  See statement for Interrogatory No. 6.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.


**INTERROGATORY NO. 8**

Identify the total dollar amount of profits you earned from the sale of the ACCUSED PRODUCTS in the United States. Identify these profits both on a per unit and also quarterly basis.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  See statement to Interrogatory No. 6.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 10**

Identify the name and address of the person or entity who manufactures the ACCUSED PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  Objection should be overruled because (i) it is waived as untimely and (ii) the identity of the person or entity who manufactures the Accused Product for MNI is highly relevant in a case involving trademark infringement and counterfeit goods to be able to gather information from that person or entity regarding the Accused Product and MNI, including facts to support claims for trademark infringement, unfair competition, false designation of origin, damages, intent, and willful actions. This request is not overbroad as it only requires identifying one or a few people or entities

15

and the time frame needs to go as far back as necessary to identify the proper parties.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 11**
Identify the name and address of the person or entity who prints the product packaging for the ACCUSED PRODUCTS in the United States.

**RESPONSE TO INTERROGATORY NO. 11**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:   Objection should be overruled because (i) it is waived as untimely and (ii) the identity of the person or entity who prints the product packaging is highly relevant in a case involving trademark infringement and counterfeit goods to be able to gather information from that person or entity regarding the Accused Product and MNI, including facts to support claims for trademark infringement, unfair competition, false designation of origin, damages, intent, and willful actions. This request is not overbroad as it only requires identifying one or a few people or entities and the time frame needs to go as far back as necessary to identify the proper parties.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 12**
Identify any distributor of the ACCUSED PRODUCTS in the United States.

**RESPONSE TO INTERROGATORY NO. 12**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:   Objection should be overruled because (i) it is waived as untimely and (ii) the identity of the distributor of the Accused Product is highly relevant in a case involving trademark infringement and counterfeit goods to be able to gather information about the distribution of the Accused Product and MNI, including facts to support claims for trademark infringement, unfair competition, false designation of origin, damages, intent, and willful actions. This request is not

16

JOINT STATEMENT REGARDING DISCOVERY

overbroad as it only requires identifying one or a few people or entities and the time frame needs to go as far back as necessary to identify the proper parties.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 13**
Identify the name and address of each and every customer who purchased the ACCUSED PRODUCTS from YOU.

**RESPONSE TO INTERROGATORY NO. 13**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  Objection should be overruled because (i) it is waived as untimely and (ii) the identity of the customers of the Accused Product is highly relevant in a case involving trademark infringement and counterfeit goods to be to see who has purchased the Accused Product, to assist in efforts to stop further sale and distribution of the Accused Product, and to gather facts to support claims for trademark infringement, unfair competition, false designation of origin, damages, intent, and willful actions.  Request is not overbroad because the time frame needs to go as far back as necessary to identify the proper parties.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 15**
State the number of units of the ACCUSED PRODUCTS you had manufactured since January 2017 to present.

**RESPONSE TO INTERROGATORY NO. 15**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  Objection should be overruled because (i) it is waived as untimely and (ii) MNI's number of units of the Accused Product manufactured is relevant for calculating damages for infringement, false designation, and unfair competition claims, cross referencing PIV's sales to MNI with MNI's sales, and to support claims related to misappropriation and willful actions.  It is not overbroad as to time because the request is limited to January 2017 around when PIV stopped selling

17

MNI product and damages can go as far back as when the infringement started.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

**INTERROGATORY NO. 16**
State the sales volume in dollars and units on a quarterly and annual basis for sales of all ACCUSED PRODUCTS sold in the United States.

**RESPONSE TO INTERROGATORY NO. 16**
Responding Party objects to this interrogatory on grounds that it is overbroad as to time.

PIV's Statement:  Objection should be overruled because (i) it is waived as untimely and (ii) MNI's sales information of the Accused Product is relevant for calculating damages for infringement, false designation, and unfair competition claims, cross referencing PIV's sales to MNI with MNI's sales, and to support claims related to misappropriation and willful actions.  It is not overbroad as to time because damages can go as far back as when the infringement started.

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

c.    **Request for Admission No. 9**

**REQUEST NO. 9**
Admit that you copied PIV's MAGNUM DETOX design as shown in Paragraph 9 of the Counterclaims (ECF No. 19, pg. 10, ¶9) for the ACCUSED PRODUCTS.

**RESPONSE TO REQUEST NO. 9**
Deny

PIV's Statement:  MNI's response should be deemed admitted because it is untimely.  A matter is admitted unless, a party provides an answer or objection within 30 days after being served."  Fed. R. Civ. P. 36(a)(3).

MNI's Statement:

See Plaintiff MNI's Legal Arguments.

18

JOINT STATEMENT REGARDING DISCOVERY

## V.    LEGAL ARGUMENTS

### a.    Defendant PIV's Statement

Defendant PIV requests the Court: (i) overrule all of MNI's objections to PIV's First Amended Request for Production ("RFP") and First Amended Interrogatories and compel responses; (ii) deem MNI's response to Request for Admission ("RFA") No. 9 admitted; and (iii) compel MNI to produce documents responsive to all of PIV's RFPs.

First, MNI's objections to PIV's Amended Requests are waived because they were untimely on multiple occasions. *See* Decl. Ma, ¶¶7-12. The failure to timely respond to discovery requests will generally constitute a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); *Sprague v. Fin. Credit Network, Inc.*, No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("courts have interpreted the rule regarding waiver consistent with Rule 33"). MNI's failure to timely object on multiple occasions resulted in multiple waivers of objections. Deadlines to raise the current objections were October, 28, 2024 (MNI did not raise the current objections to PIV's First Set of Discovery Requests) and January 17, 2025 (MNI did not serve any timely objections). Decl. Ma, ¶¶2-12. After an extension with the understanding that objections were waived, MNI again failed to serve responses (or objections) on the February 18, 2025 deadline. *Id.* at ¶11. Objections to the Amended Requests were not served until February 24, 2025 (without any documents). *Id.* at ¶12. Not only were the objections untimely, but (i) MNI's January 23 extension request came after PIV sent a deficiency letter and six days after the January 17 deadline to respond and (ii) the February 24 objections were provided after PIV's February 24 request to meet and confer and, once again, six days after the February 18 response deadline. *Id.* at ¶7-12. Without PIV's notices, PIV may still be waiting for MNI's responses.

If the Court does not find MNI's objections waived, the objections should still be overruled because requests related to MNI's sales, inventory, manufacturing, and packaging related to the Accused Product going back to 2017, or longer, are highly relevant, to cross reference PIV's sales to MNI with MNI's sales, and to support claims of infringement, false designation of origin, unfair competition, damages, and willful actions. Evidence is relevant if: (a) it has any tendency to make a

fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Also, relevant, unduly burdensome, and/or overbroad objections as to time should be overruled because (i) most requests are limited to after January 2017, around when PIV stopped selling product to MNI; (ii) trademark infringement damages are not limited in time; and, (iii) all orders, invoices, and correspondence can be used to support claims of knowledge, misappropriation, and willfulness.

Objections based on a statute of limitations should be overruled because (i) there is no statute of limitations for federal trademark infringement under the Lanham Act; (ii) a statute of limitations defense generally does not affect discovery; and (iii) MNI never asserted statute of limitations as a defense in its answer to PIV's counter claims. *See* Doc. 21. Rule 33 and 34 provide a party may serve requests that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 33, 34(a); *see also Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 684388, at *18 (E.D. Cal. Feb. 22, 2013) (allowing discovery to precede statute of limitations because "information concerning events that substantially precede...the incident that is the basis of the suit may shed important light on the facts directly relevant to a claim or defense"); *Allen*, 2014 WL 2212120, at *2 (statute of limitations is a defense that does not generally affect discovery); *Gottesman v. Santana*, No. 16-cv-2902 JLS (JLB), 2017 WL 5889765, at *16-17 (C.D. Cal. Nov. 29, 2017) ("[i]nformation before the statute of limitations period may fall within the scope of discoverable information"). Additionally, MNI's response to RFA No. 9 should be deemed admitted because it was untimely. A matter is admitted unless, a party provides an answer or objection within 30 days after being served." Fed. R. Civ. P. 36(a)(3).

Finally, after over 6 months passed since PIV served its first set of RFPs, on March 13, 2025 and after PIV's informal discovery conference request, MNI finally produced a paltry 123 pages of public trademark filings, printouts of PIV's website, and PIV's C&D letter. PIV already had in its possession or access to all of the documents except for 1 page with redactions. MNI should be compelled to responsive documents to PIV's amended requests for production.

JOINT STATEMENT REGARDING DISCOVERY

**b.**     Plaintiff MNI's Legal Arguments

Defendant raises issues with the First set of discovery requests that were served on August 27, 2024.  However, as Defendant acknowledges, those discovery requests are not at issue in this matter. Even more, said discovery requests were properly responded and after several meet and confer efforts, Defendant acknowledged that the requests were deficient and agreed to sever amended discovery requests which it did on December 20, 2024.  Thus, it is the amended discovery requests that are at issue in this matter, not the first set of discovery requests.

Nevertheless, the amended discovery requests were served on December 20, 2024, so the responses were due on January 20, 2025.  However, on January 7, 2025, a catastrophic and unprecedented fire, named the Eaton Fire, ravaged through the city of Pasadena.  Unfortunately, the home and office of Plaintiff's counsel is in the city of Pasadena.  The Eaton fire was not fully contained until January 31, 2025, and for most of the time between January 7 and January 31, most of the city of Pasadena was evacuated and covered in thick smoke.  As such, Plaintiff's counsel was forced to evacuate the city for most of that time and could not get to his office.  Thus, Defendant's counsel granted a three-week extension to respond to the discovery until February 18, 2025. Unfortunately, Plaintiff's counsel was unable to complete and serve the responses until a few days after on February 24, 2025.  The slight delay was entirely due to the Eaton Fire.

Defendant's primary issue is with Plaintiff's objection to most of the responses.  More specifically, the objection made to all of the requests for production were made on the grounds that the discovery requests were "irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago" and "in fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations."  But, it is important to note that immediately following said objection, Plaintiff acknowledged that it would produce responsive documents.

Even more, Plaintiff produced all responsive documents and information it was able to locate. Regardless, Defendant takes issue with the objection and seeks an order to waive said objection. However, the objection is proper because the facts and evidence that is relevant to this case must be related to the claims and defenses asserted.  In addition, the claims and defenses asserted have a

JOINT STATEMENT REGARDING DISCOVERY

statute of limitation of 4 years.  Therefore, any facts or evidence before the statute of limitation cannot be relevant to the claims and defenses asserted in this case.  But, more important, the Federal Rules of Civil Procedure expressly require as follows:

"An objection must state whether any responsive materials are being withheld on the basis of that objection."

Therefore, Plaintiff has a strict requirement to disclose any responsive material that it is withholding on the basis of the objection.  But, in this case, Plaintiff has not disclosed any such material because it is not withholding any material on the basis of this objection.  Instead, Plaintiff is simply asserting this objection as it is allowed to do.  Thus, Plaintiff is not in violation of the discovery rules.

Additionally, in Request for Production No. 36, Defendant seeks tax returns to which Plaintiff asserts that tax returns are privileged under state and federal laws.  In fact, the California Supreme Court concluded that the state's statutory prohibition on the disclosure of tax returns by government administrators created an "implied privilege against forced disclosure [of tax returns] in civil discovery proceedings."  See *Schnabel v. Superior Court*, 5 Cal. 4th 704, 720 (1993) (citing *Webb v. Standard Oil Co*., 49 Cal. 2d 509 (1957)).  Thus, tax returns are considered privileged by California law.  In addition, Fed.R.Evid. 501 dictates that privilege "shall be determined in accordance with state law."  Thus, Plaintiff's tax returns are privileged.  But, assuming *arguendo* that they are not privileged, Defendant fails to provide anything to indicate that Plaintiff's tax returns would be relevant in any way in this case.  Thus, Plaintiff must not be required to disclose its tax returns.

The last issue raised by Defendant is Request for Admissions No. 9 which Plaintiff denied but Defendant now wishes it to be admitted due to Plaintiff's untimely response.  However, Plaintiff's response was only delayed by a few days from February 18 to February 24.  Even more, the delay was not a result of Plaintiff whatsoever.  Instead, the delay was strictly a result of Plaintiff's counsel who was facing unprecedented circumstances caused by the catastrophic Eaton Fire.  Thus, Plaintiff did not act in bad faith or with any intention to cause undue delay in this case.  Instead, the slight delay was justified and not sufficient to prejudice Plaintiff in this case.

JOINT STATEMENT REGARDING DISCOVERY

Dated:  March 24, 2025                    Respectfully submitted,

                                          By: */s/ Louis F. Teran*
                                              Louis F. Teran

                                          *Attorney for Plaintiff*


Dated: March 24, 2025                     THE BUCHE LAW FIRM, P.C.

                                          By: */s/ Byron Ma*
                                          Byron Ma (CA Bar No. 299706)
                                          John K. Buche (CA Bar No. 239477)
                                          901 S MoPac Expy, Bldg. 1, Ste. 300
                                          Austin, TX 78746
                                          Tel: (512) 215-4997
                                          E-mail: jbuche@buchelaw.com
                                          E-mail: bma@buchelaw.com

                                          *Attorneys for Defendant and Counterclaim-Plaintiff PIV Enterprises, Inc.*

23

JOINT STATEMENT REGARDING DISCOVERY

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on March 24, 2025. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.


Dated: March 24, 2025                                             */s/ Byron Ma*
                                                                                Byron Ma

24

JOINT STATEMENT REGARDING DISCOVERY