# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC.,<br><br>  Plaintiff,<br><br> v.<br><br>PIV ENTERPRISES, INC.,<br><br>  Defendant. | Case No. 1:23-cv-01309-JLT-SAB<br><br>ORDER RE JOINT STATEMENT OF DISCOVERY DISAGREEMENT<br><br>(ECF Nos. 33, 35)<br><br>**TWENTY-ONE DAY DEADLINE** |

Currently before the Court is the parties' Joint Statement of Discovery Disagreement, which the Court construes as Defendant and Counterclaim Plaintiff PIV Enterprises, Inc.'s ("PIV") motion to compel Plaintiff and Counterclaim Defendant Mike's Novelties, Inc.'s ("MNI") further responses to PIV's amended written discovery requests.[1]  Specifically, PIV requests that the Court (1) overrule each of MNI's objections and compel responses to PIV's First Amended Requests for Production and First Amended Interrogatories; (2) deem MNI's response to Request for Admission No. 9 admitted; and (3) compel MNI to produce documents responsive to all of PIV's Amended Requests for Production of Documents.  The Court finds this matter suitable for decision without oral argument.  Having considered the informal letter brief, the joint statement of discovery disagreement, as well as the Court's file, the Court issues the following order.

---

[1] The parties initially filed a four-page joint discovery dispute letter brief.  However, after review of the parties' informal letter brief, the Court vacated the informal discovery conference and requested that the parties provide additional details regarding the specific requests and a timeline of the relevant discovery deadlines and extensions.

# I.

# LEGAL STANDARD

Unless otherwise limited by court order, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Disclosures and discovery are governed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26-37.

After being served with interrogatories, requests for production, or requests for admission, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). The failure to timely respond to discovery requests will generally constitute a waiver of any objections thereto. See Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure"); Ramirez v. Cty. of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005). "Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33." Sicilia v. State Farm Mut. Auto. Ins. Co., No. 214-CV-00812 GMN GWF, 2015 WL 3448680, at *3 (D. Nev. May 29, 2015) (citations omitted).

If the responding party fails to serve a timely response to a request for admission, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Once admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. 36(b). "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed.

1 R. Civ. P. 36(b).  "Trial courts [have been] advised to be cautious in exercising their discretion to
2 permit withdrawal or amendment of an admission."  Conlon v. United States, 474 F.3d 616, 621
3 (9th Cir. 2007) (quoting 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985)).

### III.

### DISCUSSION

#### A.   Amended Request for Production of Documents and Interrogatories

PIV argues MNI's objections to PIV's First Amended Request for Production ("Amended RFP") and First Amended Interrogatories ("Amended ROGS") are waived because MNI failed to timely respond to the discovery requests.  PIV contends Amended RFP Nos. 1-19, 27-29, and 36 and Amended ROG Nos. 6-8, 10-13, and 15-16 are at issue.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection."  Bryant v. Armstrong, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (quoting Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)).  Generally, in the absence of an extension of time or good cause, the failure to object to discovery requests within the time provide constitutes a waiver and "[t]his is true even of an objection that the information sought is privileged."  Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  "Where a waiver of objections by failure to serve a timely response has been found, it usually has been because the party required to serve a response failed to make any response whatsoever within the time allowed."  Safeco Ins. Co. of Am. v. Rawstrom, 183 F.R.D. 668, 670 (C.D. Cal. 1998).  Courts retain broad discretion in determining whether good cause exists to excuse a late discovery response.  Lizarraga v. Buffalo Wild Wings, Inc., No. 2:15-CV-1655-MMD-VCF, 2016 WL 1465338, at *2 (D. Nev. Apr. 14, 2016).  Good cause requires a showing of due diligence.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Grasshopper House, LLC v. Accelerated Recovery Centers, LLC, No. CV-09-8128 DMG PLAX, 2010 WL 11549374, at *2 (C.D. Cal. Aug. 27, 2010) (noting good cause requires the party to show that despite due diligence the scheduled deadline could not be met.)

PIV propounded requests for production, interrogatories, and requests for admission on August 27, 2024.  (Declaration of Byron E. Ma ("Ma Decl."), ECF No. 35-1 at ¶ 2.)   On

1  September 23, 2024, PIV granted MNI's request for a thirty-day extension of time to respond.
2  (Id. at ¶ 3.)  On October 28, 2024, MNI responded to PIV's initial discovery requests but did not
3  produce any documents.  (Id. at ¶ 4.)  Notably, MNI's responses to the original RFP Nos. 1-19
4  and 27-29 as well as ROGs No. 6-8, 10-13, and 15-16 were objected to solely on the basis of
5  PIV's use of vague and ambiguous terms.  (Id., Ex. C, at pp 5-14, 18-19, 32-36.)[2]  MNI did not
6  raise any objections related to overbreadth, relevance, burden, or the scope of discovery.

7  On November 20, 2024, PIV sent a letter addressing MNI's responses and failure to
8  produce documents.  (Ma Decl. ¶ 5.)  On December 18, 2024, counsel conferred and agreed that
9  PIV would amend definitions of certain terms and serve amended discovery requests.  (Ma Decl.
10 ¶ 6.)  PIV served the amended requests on December 20, 2024.  (Id.)  PIV did not alter the
11 requests or interrogatories and did not change the scope of time. When serving the amended
12 requests, counsel for PIV stated, "[a]s I agreed, [MNI] has until January 17, 2025 to respond to
13 the amended requests." (Ma Decl. ¶ 6, Ex. E.)

14 MNI failed to respond to PIV's amended discovery requests.  PIV sent MNI a second
15 letter on January 22, 2025.  (Ma Decl. 8, Ex. F.)  PIV informed MNI that its failure to timely
16 respond meant MNI's objections were waived, and it therefore must respond without objections.
17 (Id. (citing Fed. R. Civ. P. Rule 33(b)(4)).)

18 On January 23, 2025, counsel for MNI responded to PIV's letter.  (Ma Decl. ¶ 9, Ex. G.)
19 Counsel for MNI explained his office and home are located in Pasadena, California, and due to
20 the catastrophic wildfires that began on January 7, 2025, he had only just been able to return to
21 the office earlier in the week.  (Id.)  Counsel for MNI therefore requested an additional three
22 week extension to respond to PIV's amended discovery requests.  (Id.)

23 On January 28, 2025, counsel for PIV agreed to MNI's requested three week extension to
24 provide responses and documents "with the understanding that all objections are waived,
25 especially since [counsel] discussed and addressed [MNI's] objections on [counsel's] previous
26 meet and confer and amended the requests accordingly." (Ma Decl. ¶ 9, Ex. G.)  Counsel for

---

[2] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  MNI did not respond to PIV's stipulation to the three week extension "with the understanding
2  that all objections are waived." (Ma Decl. ¶ 10.)

3  MNI failed to provide any responses or produce any documents by the February 18, 2025
4  deadline. (Ma Decl. ¶ 11.)  Six days later, on February 24, 2025, PIV requested that the parties
5  meet and confer regarding the outstanding discovery. (Ma Decl. ¶ 12, Ex. G.)  That evening,
6  MNI provided responses and objections to the amended discovery requests. (Id.)  MNI did not
7  produce any documents in response to the Amended RFPs. (Id.)

8  On February 26, 2025, PIV sent MNI a letter requesting that MNI provide what PIV now
9  requests that this Court order: responses with the objections withdrawn; produce documents; and
10 provide an admitted response to RFA No. 9. (Ma Decl. ¶ 14, Ex. I.)  During the parties' meet
11 and confer efforts on March 7, 2025, MNI stated it would not withdraw its objections but agreed
12 to produce documents in a link provided by PIV. (Ma Decl. ¶ 15, Ex. G at 4-5.)  However,
13 having received no documents by March 11, 2025, PIV requested this Court's involvement. (Ma
14 Decl. ¶ 15; ECF No. 32.)  After PIV requested a discovery conference, PIV produced 123 pages
15 of publicly available trademark application filings, printouts of PIV's website, and PIV's own
16 cease and desist letter to MNI on March 13, 2025. (Ma Decl. ¶ 15, Ex. G.)

17 PIV argues MNI's objections to the amended discovery requests were untimely as of
18 January 17, 2025 and are therefore waived. (ECF No. 35 at 21.)  MNI, however, contends the
19 responses were due on January 20, 2025. (Id. at 22.)  The Court finds either deadline delivers the
20 same result.  A responding party must serve its answers and any objections to a ROG, RFP, or
21 RFA within thirty days after being served. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(a); 36(a)(3).  Thirty
22 days after December 20, 2024 was Sunday, January 19, 2025. Given January 20, 2025 was a
23 federal holiday, the default deadline for MNI to serve its amended responses would have been
24 January 21, 2025.  Fed. R. Civ. P. 6(a)(1)(C).  However, parties may stipulate to shorter
25 deadlines under Rule 29. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(a); 36(a)(3).  Here, counsel for PIV
26 informed counsel for MNI on December 20, 2024 that PIV "agreed" to the January 17, 2025
27 deadline. (Ma Decl. ¶ 6, Ex. E.)  Regardless of whether MNI's amended responses were due on
28 January 17, 2025 pursuant to a stipulation or under the typical thirty-day deadline of January 21,

5

1 | 2025, MNI failed to serve responses by either date.

2 |     MNI proffers its failure to timely respond was due to the Eaton Fire, which began on
3 | January 7, 2025 and was not fully extinguished until January 31, 2025. (ECF No. 35 at 22.) If
4 | the issue currently before the Court was limited to MNI's failure to respond by January 17, 2025
5 | or January 21, 2025, the Court would agree with MNI that good cause existed to excuse its
6 | failure to respond or produce documents. On January 23, 2025, counsel for MNI informed
7 | counsel for PIV that he had not been able to return to the office until only days prior. (Ma Decl.
8 | ¶ 9, Ex. G.) The unprecedented and severe nature of the Eaton Fire is good cause to excuse
9 | MNI's failure to respond between the January 21, 2025 deadline and its January 23, 2025 request
10 | for a three week extension of time.

11 |     However, MNI also failed to respond or produce documents by the extended deadline.
12 | MNI does not proffer *any* good cause to excuse its failure to provide responses or produce
13 | documents by February 18, 2025, nor does the Court independently find good cause exists. MNI
14 | proposed the three week extension to PIV because it would take counsel for MNI three weeks to
15 | catch up and be able to focus on this matter. (Ma Decl. ¶ 9, Ex. G at p. 9.) In explaining its
16 | failure to serve responses by its requested deadline, MNI merely proffers that "[u]nfortunately,
17 | [MNI]'s counsel was unable to complete and serve the responses until a few days after on
18 | February 24, 2025. The slight delay was entirely due to the Eaton Fire." (ECF No. 35 at 22.)
19 | However, counsel for MNI states he had access to his home and office no later than January 23,
20 | 2025. (Ma Decl. ¶ 9, Ex. G at p. 9.) Counsel for MNI also states the Eaton Fire was fully
21 | contained on January 31, 2025. (ECF No. 35 at 22.) Counsel for MNI provides no explanation
22 | how the Eaton Fire caused MNI's failure to serve responses by February 18, 2025. The Court
23 | does not find good cause exists for MNI's complete failure to serve responses or otherwise an
24 | additional extension of time by February 18, 2025.

25 |     1.    <u>Amended RFP Nos. 1-19 and 27-29</u>

26 |     MNI's untimely responses to Amended RFP Nos. 1-19 and 27-29 state the same
27 | objections: "Responding Party objects to this request on grounds that it is irrelevant, overbroad,
28 | and unduly burdensome since it seeks documents from up to 20 years ago. In fact, this case

relates to trademark infringement and unfair competition which have a 4 year statute of limitations." (Ma Decl. ¶ 13, Ex. H at pp. 4-12, 14-15.) The Court finds these objections have been waived by MNI's untimely response.

The Court notes PIV produced 123 pages of documents on March 13, 2025. (ECF No. 35 at 21.) PIV contends it already had access to each of these documents with the exception of one document that was redacted. (Id.) PIV summarily requests that MNI be compelled to provide responsive documents to its Amended RFPs. The Court shall order that any documents not produced by MNI due to the waived objections shall be produced within **twenty-one (21) days**. Any dispute related to specific documents shall be brought before the Court in a motion requesting proper relief.

2. <u>Amended RFP No. 36</u>

In RFP No. 36, PIV requests that MNI produce its tax returns from 2017 to present. (Ma Decl. ¶ 13, Ex. H. at p. 21.) MNI's response is as follows:

> Responding Party objects to this request on grounds that it is irrelevant, overbroad, and unduly burdensome since it seeks documents from up to 8 years ago. In fact, this case relates to trademark infringement and unfair competition which have a 4 year statute of limitations. In addition, Responding Party objects to this request on grounds that it is irrelevant and overbroad since this case relates only to one type of product whereas the tax returns requested relates to Responding Party's entire business which includes a multitude of types of products. Furthermore, Responding Party objects to this request on grounds that it seeks highly confidential information and privileged information that is protected from disclosure by state and federal laws.

(Id.)

The Court recognizes the "the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion." Grasshopper House, LLC, 2010 WL 11549374, at *2 (quoting Davis v. City of New York, 1988 WL 42189, at *2 (S.D.N.Y. April 28, 1988)). Even absent a showing of good cause, courts can exercise their discretion to find that a waiver is not warranted by the circumstances, namely for objections related to privilege and trade secrets. Sprague v. Fin. Credit Network, Inc., No. 1:18-CV-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) (collecting cases).

1  MNI argues the tax returns are privileged under state and federal laws, and, even if they
2  are not, PIV fails to indicate MNI's tax returns are relevant. (ECF No. 35 at 23.) The Court
3  agrees with PIV that the requested financial documents are relevant in calculating and proving
4  damages in this trademark infringement action. (Ma Decl. ¶ 5, Ex D. at pp. 4-5.) As to the
5  requested 2017 to present scope of time, PIV alleges in its counterclaim that PIV and MNI's
6  business relationship ended in 2017. (ECF No. 19 at p. 13, ¶ 17.) PIV also alleges that MNI has
7  not purchased any synthetic urine products bearing the marks at issue since approximately 2017.
8  (Id. at p. 13, ¶ 19.) Thus, MNI's tax returns since 2017 may show the calculation of MNI's
9  profits from the sale of the allegedly infringing products and the calculation of PIV's lost profits
10 for purposes of PIV's counterclaims for trademark infringement, false designation of origin and
11 false advertising, and unfair competition. The Court finds these documents are relevant and
12 proportional to the needs of the case.

13  The Court shall also overrule MNI's untimely objection based upon financial privacy
14 concerns. The Ninth Circuit has held that "[t]ax returns do not enjoy an absolute privilege from
15 discovery[,]" but there "a public policy against unnecessary public disclosure arises from the
16 need, if the tax laws are to function properly, to encourage taxpayers to file complete and
17 accurate returns." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th
18 Cir. 1975) (internal citations omitted). Courts must therefore balance the need for the financial
19 information sought against the privacy right asserted. This Court finds that PIV's need for
20 MNI's limited financial information outweighs the privacy right asserted by MNI.

21  The Ninth Circuit has also recognized that "[t]he confidentiality of tax information may
22 also be preserved in civil proceedings through protective orders." Stokwitz v. U.S., 831 F.2d
23 893, 897 (9th Cir. 1987) (citing Premium Service Corp., 511 F.2d at 229). The parties may enter
24 into a protective order regarding the production of documents in this order, including MNI's tax
25 returns. If the parties are unable to agree on the protective order, they may seek the Court's
26 assistance to resolve any disagreement through the informal discovery dispute process found on
27 the Court's website, under Judge Boone, in an effort to avoid expenses and further delays.

28  MNI shall produce documents responsive to RFP No. 36 within **twenty-one (21) days**.

3. Amended ROG Nos. 6-8, 10-13, and 15-16

Amended ROG Nos. 6-8, 10-13, and 15-16 state the same objection: "Responding Party objects to this interrogatory on grounds that it is overbroad as to time." (Ma Decl. ¶ 13, Ex. H at pp. 26-28.) The Court finds MNI's objection to these Amended ROGs have been waived by MNI's untimely response. See Fed. R. Civ. P. 33(b)(4). MNI shall provide responses within **twenty-one (21) days**.

### B. Amended Request for Admission No. 9

PIV also requests that MNI's untimely responses to PIV's amended requests for admissions ("Amended RFA") be deemed admitted. (ECF No. 35 at 23.) The only Amended RFA denied by MNI is Amended RFA No. 9: "Admit that you copied PIV's MAGNUM DETOX design as shown in Paragraph 9 of the Counterclaims (ECF No. 19, pg. 10, ¶ 9) for your ACCUSED PRODUCTS." (Ma Decl. ¶ 13, Ex. H at p. 36.)

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). PIV admits its response was untimely. (ECF No. 35 at 23 ("[MNI]'s response was only delayed by a few days from February 18 to February 24").) For the same reasons as those previously stated, the Court is not persuaded that the failure to respond until February 24, 2025 is excusable by the Eaton Fire. If counsel for MNI was still unable to focus on this matter by his own requested deadline, February 18, 2025, he could have—and should have—requested an additional extension of time to respond. Any refusal by PIV to stipulate for such extension would have warranted this Court's intervention in short order. As MNI failed to serve a timely response to the request for admissions, Amended RFA No. 9 is deemed admitted by operation of Rule 36.[3]

///

//

---

[3] MNI's argument in the joint statement is limited to requesting that the Court find good cause to excuse its untimely response. The Court does not find good cause exists. However, "[a] matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed R. Civ. P. 36(b) (emphasis added). MNI does not seek to have the Court withdraw the admission and allow the response in the instant joint discovery disagreement. MNI is not precluded from filing a motion requesting proper relief.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. PIV's motion to compel responses to its first amended interrogatories and requests for production of documents is GRANTED due to MNI's untimely discovery responses;

2. PIV's request to deem Request for Admission No. 9 is GRANTED; and

3. MNI shall serve supplemental responses to the first amended interrogatories and request for production of documents within **twenty-one (21) days** of entry of this order.

IT IS SO ORDERED.

Dated: **May 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

10