# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PIV ENTERPRISES, INC.,<br><br>　　　　Defendant. | Case No.  1:23-cv-01309-JLT-SAB<br><br>ORDER RE STIPULATION STAYING ALL DATES IN SCHEDULING ORDER<br><br>(ECF No. 38) |

On October 4, 2024, a scheduling order issued in this action. (ECF No. 31.) The deadlines are as follows: non-expert discovery deadline is September 13, 2025; expert disclosure deadline is August 4, 2025; rebuttal expert disclosure deadline is September 4, 2025; expert discover deadline is October 13, 2025; and dispositive motion deadline is November 10, 2025; pretrial conference is set for March 2, 2026; and trial is set for April 28, 2026.

On May 16, 2025, counsel for Defendant and Counterclaim Plaintiff PIV Enterprises, Inc. ("PIV") filed a motion to withdraw as attorneys of record. (ECF No. 37.) The same day, Plaintiff and Counterclaim Defendant Mike's Novelties, Inc.'s ("MNI") and PIV filed a stipulation to stay all trial and discovery deadlines contained in the scheduling order. (ECF No. 38.) The Court shall deny the stipulation to stay this action without prejudice to being raised at an appropriate time.

Because the stipulation to stay all dates in the scheduling order is directly tied to counsel for PIV's pending motion to withdraw, the Court briefly addresses that motion, currently set for

1  a hearing on June 25, 2025.  Counsel for PIV states he was under the impression that new
2  counsel would be appearing by this point, so the motion to withdraw is made "to avoid a limbo
3  situation where undersigned are discharged, but remain counsel of record as time passes, and
4  where Defendant has not yet made the substitution arrangements."  (ECF No. 37-1.)   To date,
5  the Court has not received a substitution of attorney for PIV, a corporation.  Counsel for PIV
6  fails to address in their motion whether they have informed PIV of the consequences of the
7  proposed withdrawal, including the inability of PIV to represent itself in propria persona.  See
8  L.R. 183(a) ("A corporation or other entity may appear only by an attorney"); Rowland v.
9  California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has
10 been the law for the better part of two centuries, for example, that a corporation may appear in
11 the federal courts only through licensed counsel"); see also Caveman Foods, LLC v. jAnn
12 Payne's Caveman Foods, LLC, No. 2:12-cv-1112 WBS DAD, 2015 WL 6736801, at *2 (E.D.
13 Cal. Nov. 4, 2015) ("Before permitting counsel to withdraw, it is also this court's practice to
14 ensure that the client understands and assents to the consequences of being unrepresented by
15 counsel. Where the client is a corporation or unincorporated association, those consequences are
16 dire. While individuals may appear in propria persona, corporations and other entities may
17 appear only through an attorney; an unrepresented entity cannot file any pleadings, make or
18 oppose any motions, or present any evidence to contest liability….An unrepresented entity is
19 thus subject to the entry of default and default judgment.").  Whether counsel for PIV has
20 adequately informed PIV of the consequences of withdrawal—including the fact that granting
21 counsel's motion would place PIV in immediate violation of Local Rule 183(a)—is a fruitful
22 topic for the June 25, 2025 hearing, absent a substitution of attorney filed in the interim.

23       Turning to the parties' sparse stipulation, the Court shall deny, without prejudice, the
24 request to indefinitely stay every date in the scheduling order pending a substitution of attorney.
25 The Court does not doubt the parties' proffer that new counsel for PIV will require time to
26 review the record.  However, when a motion or stipulation to modify the scheduling order is
27 made at the appropriate time, the parties are advised that the Court will not entertain a complete
28 restart of this action.  The Court does not find good cause at this time to stay every deadline

without any indication when new counsel will be retained or how much time he or she will require. The nearest deadline is expert disclosures, which does not expire for another three months. The only upcoming discovery deadline acutely known by the Court is MNI's deadline to produce written discovery following PIV's motion to compel. (See ECF No. 36.) MNI's responses and production shall be produced by the deadline set by the Court. <u>If counsel is withdrawn, then withdrawn counsel shall convey the discovery to new counsel.</u> At this time, the Court shall decline to enter the parties' sweeping stipulation to stay all deadlines and vacate pending dates until PIV retains new counsel.

Accordingly, IT IS HEREBY ORDERED that the stipulation to stay all dates contained within the scheduling order (ECF No. 38) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge