# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC., | Case No. 1:23-cv-01309-JLT-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER IN PART AND DENYING IN PART WITHOUT PREJUDICE |
| v. | |
| PIV ENTERPRISES, INC., | |
| Defendant. | (ECF Nos. 52, 53) |

Currently before the Court is Defendant and Counterclaim Plaintiff PIV Enterprises, Inc.'s ("PIV") August 4, 2025 "*ex parte* application for an extension of time to the deadlines" for (1) expert discovery, which expired on August 4, 2025, (2) rebuttal expert disclosure, which is set for September 4, 2025; (3) non-expert discovery, which is set for September 13, 2025; (4) expert discovery, which is set for October 13, 2025; and (5) the dispositive motion deadline, which is set for November 10, 2025.  (ECF No. 52.)  The Court construes PIV's request as a motion to modify the scheduling order.  Plaintiff and Counterclaim Defendant Mike's Novelties, Inc. (MNI) opposes the motion.  For the following reasons, the Court finds good cause exists to grant PIV's motion to modify the scheduling order in part and deny in part without prejudice.

/ / /

/ / /

1

**A.    Improper Use of *Ex Parte* Procedure**

As an initial matter, PIV's instant "*ex parte*" application is not made *ex parte*. "The expression '*ex parte* motion' is a term of art. In its pure form it means a request a party makes to the court *without any notice to the other side*." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995) (emphasis added). "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion." Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012). To the extent a motion needs to be heard on shortened time due to an impending deadline, a party may submit with that motion an application for an order shortening time to hear the matter pursuant to Local Rule 144(e).

Here, counsel for PIV contends that following attempts to reach counsel for MNI by telephone and email on July 31, 2025 and August 1, 2025, she was able to meet and confer with counsel for MNI regarding the motion on August 4, 2025. (Flynn Decl. at ¶¶ 16-24.) Counsel for PIV informed counsel for MNI that he had not planned on disclosing experts, and thus, was unwilling to stipulate to amend the date for expert disclosure. (Id. at ¶ 24.) Accordingly, this is not a situation where a stipulation from other counsel could not be reasonably obtained; rather, MNI has notice of the PIV's motion to modify the scheduling order and merely opposes it. While the Court appreciates the expert disclosure's August 4, 2025 deadline, filing this motion—after MNI was provided notice <u>and</u> after the parties met and conferred—as an *ex parte* application, rather than a motion with a corresponding application to hear on shortened time is procedurally improper. The Court shall, as a one-time courtesy, construe the motion as one made on shortened time.

**B.    Motion to Modify the Scheduling Order**

1.    <u>Relevant Background</u>

A scheduling order issued on October 4, 2024. (ECF No. 31.) Therein, the Court entered the parties' requested deadlines (ECF No. 29 at 5), including expert disclosure on August 4, 2025. (ECF No. 31.) The Court then set the pretrial conference for March 2, 2026 and trial for April 28, 2026 before the assigned District Judge.

On May 12, 2025, the Court issued an order regarding the parties' discovery dispute, which included an order compelling MNI to produce particular documents. (ECF No. 36.) On May 27, 2025, MNI filed a motion requesting that the assigned District Judge review the undersigned's order. (ECF No. 42.) That motion remains pending.

On June 11, 2025, the Court entered PIV's unopposed substitution of attorney. (See ECF Nos. 37, 44, 45.) On August 4, 2025, PIV's newly retained counsel filed the instant motion requesting modification of all dates in the scheduling order, save the pretrial conference and trial dates. (ECF No. 52.) On August 5, 2025, PIV filed an opposition. (ECF No. 53.)

2. Legal Standard

The court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v.

Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

3. Discussion

a. **Expert Disclosure Deadline**

The expeditious nature of PIV's August 4, 2025 motion to modify the scheduling order is rooted in the expert disclosure deadline, which expired the same day. Although requests for court-approved extensions brought on the day of the deadline are looked upon with disfavor, PIV's request is considered timely. Critically then, PIV does not request a retroactive reopening of discovery; rather, PIV requests an extension of the deadline. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) ("The difference [between a "retroactive reopening" of discovery rather than extending the discovery deadline] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline.")

PIV contends good cause exists to extend the expert disclosure deadline. The Court agrees. The parties have not previously modified the scheduling order since it was issued in October 2024. PIV also points out that its new counsel substituted into this action unopposed on June 11, 2025. (ECF No. 45). Retention of new counsel alone, however, does not support a finding of good cause to modify the scheduling order. Munoz v. PHH Mortg. Corp., No. 1:08-cv-00759 DAD BAM, 2021 WL 1928616, at *3 (E.D. Cal. May 13, 2021). Counsel for PIV proffers that she immediately began familiarizing herself with the facts of the case, and pursuant to the District Judge's June 20, 2025 minute order (ECF No. 47), met and conferred with counsel for MNI regarding its pending motion for reconsideration. (ECF No. 52 at 6.) As a result, the parties resolved one of the three issues surrounding the pending motion. (Id.) As advised by this Court in its order regarding the discovery dispute (ECF No. 36 at 8), the parties also prepared and filed a stipulated protective order, which was entered by the Court on July 14, 2025. (ECF Nos. 49, 51.) Despite a court order that MNI produce the documents subject to the discovery order by June 2, 2025 (ECF No. 36) and the protective order being entered on July 14, 2025 (ECF No. 51), MNI did not produce any documents until July 28, 2025. (ECF No. 52 at 6.) PIV

argues it requires additional time to review the recently discovered documents and, pending the motion for consideration currently before the District Judge, the potential incoming tax documents to analyze the need for and qualifications of an expert to assist in this action. (Id.) PIV also proffers that the remaining issues in the pending motion for reconsideration may affect PIV's determination of the subjects upon which an expert will opine.

Importantly, MNI does not dispute the substantive reasons proffered by PIV in its opposition. Instead, MNI only argues that the parties have had over ten months of discovery in this case. MNI's broad-lensed interpretation of PIV's inability to locate and engage an expert over the last ten months misses the mark. This Court is acutely familiar with the discovery issues in this action, most notably PIV's prior counsel's attempts to engage MNI in the discovery process. MNI does not dispute it produced documents on July 28, 2025. Given PIV's initial discovery requests were responded to in part only one week before the disclosure deadline and in large part remain undisclosed pending the motion for reconsideration currently before the District Judge, the Court is hard pressed to find PIV has not been diligent in retaining an expert. The Court will not construe the potential outstanding discovery documents at issue in the pending motion for reconsideration as a lack of diligence on the part of PIV's newly retained counsel. PIV has shown that even with the exercise of due diligence, it cannot disclose experts by August 4, 2025 without the documents currently subject to the pending motion for reconsideration of this Court's discovery order. See Johnson, 975 F.2d at 609. Plaintiff has established good cause to extend the expert disclosure deadline.

The Court, PIV, and MNI agree that PIV's new counsel should have requested an extension prior to the August 4, 2025 expert disclosure deadline. PIV's counsel explains the failure to do so between June 11, 2025 and July 31, 2025 was the result of a calendaring error. (ECF No. 52 at 12.) Counsel for PIV assures the Court and counsel for MNI that the error has been remedied. Counsel for PIV further explains she first attempted to meet and confer with counsel for MNI regarding a stipulation and/or motion to modify the scheduling order on July 31, 2025, but counsel for MNI was unavailable until August 4, 2025. (Id. at 12-13.) The Court therefore finds newly retained Counsel for PIV was diligent in seeking timely amendment of the

1 scheduling order once the need to amend (and the calendaring error) became apparent.
2 Regardless of the calendaring error, the Court finds the pending motion for reconsideration and
3 potentially outstanding discovery stemming from that motion is independent good cause to
4 continue the expert disclosure deadline.

5 MNI superficially argues it would be prejudiced by the requested extension. However, it
6 fails to specifically show how an extension of the expert disclosure deadline would result in any
7 prejudice. To the contrary, counsel for PIV proffers that counsel for MNI indicated MNI "had
8 not planned on disclosing experts." (ECF No. 52 at 14.) MNI does not address nor correct this
9 statement in its opposition. The Court does not independently find MNI would be prejudiced by
10 an extension of the expert disclosure deadline.

11 Accordingly, PIV's request to extend the expert disclosure deadline shall be granted,
12 subject to the date provided by the Court below.

13 **b.    All Remaining Deadlines**

14 PIV also requests that the non-expert discovery deadline, rebuttal expert disclosure
15 deadline, expert discovery deadline, and dispositive motion deadline be extended. PIV proffers
16 the same reasons for the expert disclosure deadline, including that PIV requires a decision on the
17 pending motion for reconsideration prior to the expiration of these deadlines.

18 MNI does not address PIV's issues related to the outstanding motion for reconsideration,
19 does not dispute documents subject to the recent protective order were produced a little over a
20 week ago, and generally argues PIV has not been diligent. (ECF No. 53 at 2-3.) The Court is
21 wholly unpersuaded PIV has not been diligent in requesting extensions to the deadlines other
22 than the expert disclosure deadline, as the instant motion is made one to three months in advance
23 of the deadlines. For example, non-expert discovery does not expire until September 13, 2025
24 and the dispositive motion deadline is not until November 10, 2025. Given documents remain
25 potentially outstanding and a decision on the motion for reconsideration is undeterminable, the
26 Court is persuaded that that PIV <u>may</u> not be able to meet the deadlines despite exercising due
27 diligence.

28 MNI, however, argues it would generally be prejudiced if the Court granted PIV's

1  motion. MNI avers that it "has budgeted its time, resources, and money in accordance with the
2  Court's Scheduling Order. Any changes at such late stage of these proceedings would be
3  prejudicial to MNI as it would adversely impact the amount of time, resources, and money it
4  budgeted for this case. Even more, PIV's request to extend discovery without extending the trial
5  date will ensure that litigation of this case is more costly since more work will have to be
6  accomplished in less time than originally planned." (ECF No. 53 at 4.) MNI, however, fails to
7  provide any specific argument of prejudice related to any of the proposed dates by PIV.

8        This Court is unaware when the heavily impacted District Judge will have an opportunity
9  to issue a decision regarding MNI's pending motion to reconsider this Court's discovery order.
10 However, the next deadline is the rebuttal expert disclosure on September 4, 2025. It seems
11 possible that the motion for reconsideration will be resolved by that date or, more likely, an
12 agreement as to a modification of the scheduling order could be resolved by good faith
13 discussions by the parties. Thus, the Court finds good cause to extend only the August 4, 2025
14 expert disclosure deadline to September 4, 2025 and the rebuttal expert disclosure to September
15 18, 2025. All remaining dates remain unchanged. If either party intends to further modify the
16 scheduling order, the parties shall first meet and confer in person, via telephone, or
17 videoconference prior to the filing of such request. The parties may file a stipulation to modify
18 the scheduling order any time prior to the expiration of the requested deadline. If the parties
19 cannot reach an agreement, the parties may either (1) contact the undersigned's courtroom
20 deputy to coordinate an informal discovery dispute conference to be heard in short order or (2)
21 file a motion to modify the scheduling order with proper expedited procedures if necessary. Any
22 motion shall describe in detail the parties meet and confer efforts.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order (ECF No. 52) is GRANTED in part and DENIED in part without prejudice;

2. The scheduling order is modified as follows:

   a. Expert disclosure deadline is **September 4, 2025**; and

   b. Rebuttal expert disclosure deadline is **September 18, 2025**;

3. All remaining deadlines remain unchanged (ECF No. 31); and

4. If either party intends to further modify the scheduling order, the parties are directed to first meet and confer in person (or via telephone or video conference- not via email). If the parties agree to a modification of the scheduling order, they shall timely file a stipulation. If the parties cannot reach an agreement, the parties shall (1) request an informal discovery dispute hearing by contacting jnguyen@caed.uscourts.gov or (2) timely file a motion with proper expedited procedures, if necessary.

IT IS SO ORDERED.

Dated: **August 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge