**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>PIV ENTERPRISES, INC.,<br><br>      Defendant. | Case No. 1:23-cv-01309-JLT-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF No. 55) |

Currently before the Court is Defendant and Counterclaim Plaintiff PIV Enterprises, Inc.'s ("PIV") August 26, 2025 motion to modify the scheduling order to extend the expert discovery and the dispositive motion deadlines. (ECF No. 55.) On September 2, 2025, Plaintiff and Counterclaim Defendant Mike's Novelties, Inc. ("MNI") filed an opposition. For the following reasons, the Court finds good cause exists to grant PIV's motion to modify the scheduling order.

**I.**

**RELEVANT BACKGROUND**

A scheduling order issued on October 4, 2024. (ECF No. 31.) Therein, the Court entered the parties' requested deadlines. (ECF No. 29 at 5.) The Court set the pretrial conference for March 2, 2026 and trial for April 28, 2026 before the assigned District Judge.

1

On May 12, 2025, the Court issued an order regarding the parties' discovery dispute, which included an order compelling MNI to produce documents within 21 days. (ECF No. 36.)

On May 16, 2025, <u>counsel for MNI</u> filed a stipulation to "stay all trial and discovery deadlines" because PIV's former counsel was intending to withdraw from the action. (ECF No. 38.) The parties stipulated that "once new counsel for [PIV] joins this case, such new counsel will likely need some time to review and catch up. Accordingly, good cause exists for a stay of all trial and discovery deadlines until Defendant retains new counsel." (<u>Id.</u>) On May 21, 2025, the Court denied the motion to essentially stay the action <u>without prejudice</u>, stating:

> The Court does not doubt the parties' proffer that new counsel for PIV will require time to review the record. However, when a motion or stipulation to modify the scheduling order is made at the appropriate time, the parties are advised that the Court will not entertain a complete restart of this action. The Court does not find good cause at this time to stay every deadline without any indication when new counsel will be retained or how much time he or she will require. The nearest deadline is expert disclosures, which does not expire for another three months. The only upcoming discovery deadline acutely known by the Court is MNI's deadline to produce written discovery following PIV's motion to compel. (<u>See</u> ECF No. 36.) MNI's responses and production shall be produced by the deadline set by the Court. <u>If counsel is withdrawn, then withdrawn counsel shall convey the discovery to new counsel.</u> At this time, the Court shall decline to enter the parties' sweeping stipulation to stay all deadlines and vacate pending dates until PIV retains new counsel.

(ECF No. 41 at 2-3.)

On May 27, 2025, MNI filed a motion requesting that the assigned District Judge review the undersigned's May 12, 2025 order. (ECF No. 42.) That motion remains pending and certain documents ordered to be produced remain outstanding.

On June 11, 2025, the Court entered PIV's unopposed substitution of attorney. (<u>See</u> ECF Nos. 37, 44, 45.) On August 4, 2025, PIV's newly retained counsel filed a motion requesting modification of all dates in the scheduling order, except the pretrial conference and trial dates. (ECF No. 52.) On August 5, 2025, MNI filed an opposition. (ECF No. 53.) On August 7, 2025, the Court granted PIV's motion as to modification of expert disclosure deadlines. (ECF No. 54.) The Court noted that, at the time, "[i]t seems possible that the motion for reconsideration will be

1 resolved by that date or, more likely, an agreement as to a modification of the scheduling order
2 could be resolved by good faith discussions by the parties." (Id. at 7.)

3      On August 26, 2025, PIV timely filed the instant motion to modify the scheduling order
4 prior to the September 4, 2025 expert disclosure deadline, informing the Court that meet and
5 confer efforts were unsuccessful and that the pending motion for reconsideration and upcoming
6 depositions affect the subjects upon which PIV's expert will opine and prepare his report. (ECF
7 No. 55.) Thus, PIV requests that (1) expert disclosure be continued from September 4, 2025 to
8 October 13, 2025; (2) rebuttal expert disclosure be continued from September 18, 2025 to
9 October 27, 2025; (3) expert discovery deadline be continued from October 13, 2025 to
10 November 14, 2025; and (4) the dispositive motion filing date be extended from November 10,
11 2025 to November 24, 2025. PIV does not request modification of the non-expert discovery
12 deadline, the pretrial conference, or the April 28, 2026 trial date. MNI opposes the motion.

## II.

## LEGAL STANDARD

15     This Court generally has significant discretion and authority to control the conduct of
16 discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil
17 Procedure 16(b) provides that the district court must issue a scheduling order that limits "the
18 time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R.
19 Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the
20 judge's consent." Fed. R. Civ. P. 16(b)(4).

21      The "good cause" standard "primarily considers the diligence of the party seeking the
22 amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To
23 establish good cause, the party seeking the modification of a scheduling order must generally
24 show that even with the exercise of due diligence, they cannot meet the requirement of that
25 order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the
26 moving party's reason for seeking the modification. Id. If the party seeking to amend the
27 scheduling order fails to show due diligence the inquiry should end, and the court should not
28 grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087

1  (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609).  "Relevant inquiries [into
2  diligence] include:whether the movant was diligent in helping the court to create a workable
3  Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of
4  the scheduling conference caused the need for amendment; and whether the movant was diligent
5  in seeking amendment once the need to amend became apparent."  United States ex rel. Terry v.
6  Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks
7  and citation omitted) (alteration in original).

**III.**

**DISCUSSION**

10  PIV argues that good cause exists to modify the scheduling order. PIV contends that
11 depositions of key witnesses have been set for September 4 and 8, 2025 and such testimony will
12 likely have a significant impact on the opinions of PIV expert, as well as his written report.
13 (ECF No. 55-1 at 3-4.)  PIV also points out that the assigned District Judge has not yet ruled on
14 production of MNI's tax returns, which will also affect the subjects upon which its expert will
15 opine and the expert's report. (Id. at 4.)  PIV contends that MNI's tax returns are relevant to
16 show the revenues and profits MNI obtained from the sale of products bearing the marks at issue,
17 and thus, may impact an expert's calculation of damages related to infringement and
18 counterfeiting.  (Id.)  As such, PIV avers that disclosure on September 4, 2025, will not allow
19 sufficient time for PIV's expert to review deposition transcripts for depositions taking place on
20 or after September 4, 2025, and review the potentially forthcoming tax returns. (Id.)

21  The Court finds good cause exists to grant PIV's motion to modify the scheduling order.
22 PIV timely brought the motion prior to any deadline requested to be continued.  The Court
23 agrees with PIV that it was not reasonably foreseeable at the October 4, 2024 scheduling
24 conference that relevant documents would not be produced by MNI until July 28, 2025 and that
25 depositions could not commence earlier in the discovery process.  (ECF No. 55-1 at 5; see also
26 ECF No. 36 at 3-5 (detailing the timeline related to PIV propounding written discovery in this
27 action).)   Thus, given the fact that PIV has recently retained new counsel—which MNI
28 previously agreed would require modification of the scheduling order—a motion related to

production of documents remains outstanding before the assigned District Judge, and upcoming depositions that will potentially affect PIV's expert's opinion, the Court finds that even with the exercise of due diligence, PIV cannot meet the current deadlines of the scheduling order.

In opposition, MNI argues PIV's instant motion is an improper motion for reconsideration of the Court's August 7, 2025 motion granting in part and denying in part PIV's August 4, 2025 motion to modify the scheduling order. The Court disagrees. In its August 7, 2025 order, the Court made clear that it seemed likely that further "modification of the scheduling order could be resolved by good faith discussions by the parties" and thus only granted the extension of the imminently approaching deadlines to allow for such discussions related to the later deadlines. (ECF No. 54.) The Court noted MNI summarily stated the modification proposed by PIV on August 7, 2025 prejudiced MNI but failed to specifically address the proposed dates. The Court intended that the parties discuss in good faith specific dates for extension and request modification via stipulation. However, should the parties fail to reach an agreement, the Court detailed that any party could file a new motion for modification of the scheduling order. (ECF No. 54 at 7.) The Court finds PIV has complied with the Court's August 7, 2025 order.

MNI also argues that "PIV does not seek to extend the non-expert discovery cutoff and does not allege that MNI has any remaining documents or written discovery to produce." (ECF No. 58 at 4.) MNI is correct that PIV does not request extension of the non-expert discovery cutoff. However, PIV contends that the tax documents subject to the motion for reconsideration remain outstanding. To be clear, should the District Judge order that PIV's tax documents be produced, they must be produced regardless of the expiration of the non-expert discovery deadline. Thus, the non-expert discovery deadline remains September 13, 2025, except for the potentially outstanding documents subject to the pending motion for reconsideration.

Despite stipulating on May 16, 2025 to stay all trial and discovery deadlines indefinitely to allow the then-unknown new counsel for PIV adequate time to review the case, MNI now opposes the instant motion to briefly continue only the expert deadlines and the dispositive motion deadline. MNI contends granting the instant motion "would be highly prejudicial to MNI

1  since MNI has already budgeted its time, resources, and money in accordance with the Court's
2  Scheduling Order and the Court's modification of the Scheduling Order." (ECF No. 58 at 5.)
3  MNI fails to proffer any specific prejudice to one-month continuances to the expert deadlines.
4  MNI instead summarily contends that "PIV's request to extend discovery without extending the
5  trial date will ensure that litigation of this case is more costly since more work will have to be
6  accomplished in less time than originally planned." (Id. at 5.)  The Court is unpersuaded.  The
7  requested extension of expert discovery is limited to one month, extended to November 14,
8  2025.  The extension of the dispositive motion deadline is limited to two weeks, extended to
9  November 24, 2025.  The Court would not be inclined at this time to continue the March 2, 2026
10 pretrial conference or the April 28, 2026 trial date based upon PIV's requested short
11 continuances.

12 Additionally, MNI argues that "[i]t is almost certain that if this Court grants PIV's
13 motion, PIV will be back next month seeking yet another modification…." (ECF No. 58 at 5-6.)
14 This Court cannot hold the burdensome caseload of the assigned District Judge against PIV.
15 This Court has found PIV is entitled to certain documents subject to the parties' joint discovery
16 disagreement.  MNI has requested reconsideration of that order.  The parties and this Court must
17 await the assigned District Judge's determination of that motion.  PIV has specifically proffered
18 why its expert requires the potentially outstanding documents and has shown it is attempting to
19 continue litigating this case despite those outstanding documents. The Court finds good cause to
20 grant PIV's timely request to modify the scheduling order to allow this case to move forward as
21 requested.

**IV.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order (ECF No. 55) is GRANTED;
2. The scheduling order is modified as follows:
    a. Expert disclosure deadline is October 13, 2025;
    b. Rebuttal expert disclosure deadline is October 27, 2025;

    c. Expert discovery deadline is November 14, 2025;

    d. Dispositive motion deadline is November 24, 2025; and

3. All remaining deadlines remain unchanged (ECF No. 31).

IT IS SO ORDERED.

Dated:  **September 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge