**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE'S NOVELTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIV ENTERPRISES, INC., <br><br> Defendant. | No. 1:23-cv-01309 JLT SAB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR REVIEW OF THE MAGISTRATE JUDGE'S ORDER <br><br> (Docs. 36, 42) |

The motion before the Court arises from an ongoing discovery dispute between Mike's Novelties, Inc. ("MNI") and PIV Enterprises, Inc. ("PIV"). (*See generally* Docs. 32, 33, 34, 35, 36.) Pursuant to Rule 72 of the Federal Rules of Civil Procedure, MNI seeks a review of the magistrate judge's order granting PIV's motion to compel discovery.[1] (Doc. 36.) For the reasons set forth below, MNI's motion for review is **GRANTED IN PART AND DENIED IN PART.**

---

[1] In the "Order Re Joint Statement of Discovery Disagreement" (Doc. 36), the magistrate judge construed the parties' "Joint Statement of Discovery Agreement" (Doc. 35) as a motion to compel Plaintiff and Counterclaim Defendant MNI's further responses to PIV's amended written discovery responses and requests for admissions. (Doc. 36 at 1.) The parties initially filed a four-page joint discovery dispute letter brief. (Doc. 33.) However, after review of the parties' informal letter brief, the Court vacated the informal discovery conference and requested that the parties provide additional details regarding the specific requests and a timeline of the relevant discovery deadlines and extensions. (Doc. 34.) Furthermore, in its motion for reconsideration of the magistrate judge's order, MNI asserted that PIV's counsel did not have authority to pursue the instant motion to compel because PIV's counsel was allegedly "dismissed" by PIV on March 21, 2025, three days prior to the March 24, 2025 "Joint Statement of Discovery Agreement." (Doc. 35.) As this issue was not proffered in the original Joint Statement Regarding Discovery (Doc. 35) and therefore not addressed by the magistrate judge's order, the Court declines to consider that issue at this time.

1

**I.     Background**

MNI initiated this action by filing a complaint against PIV on September 1, 2023 for, *inter-alia*, a declaratory judgement of trademark infringement, non-counterfeiting of trademark, and invalidity of trademark pursuant to the Declaratory Judgement Act, §§ 2201-02 and the Lanham Act. (Doc. 1.) On November 06, 2023, PIV filed an answer and counterclaims against MNI alleging infringement and unfair business practice (Doc. 6), which it amended on November 20, 2023 (Doc. 7) and on April 2, 2024 (Doc. 19.)[2] PIV develops, manufactures, and sells detox, cleansing, and lifestyle products; MNI previously purchased and distributed PIV's products. PIV alleges that MNI is now manufacturing, distributing and/or selling a counterfeit product bearing its trademarks. (*See generally* Doc. 19.)

On March 24, 2023, the parties submitted a "Joint Statement Re: Discovery Disagreement," delineating several discovery issues on which they sought resolution from the magistrate judge. (Doc. 35.)[3] PVI asked the Court to, *inter-alia*, overrule each of MNI's objections and compel responses to PIV's First Amended Request for Production and First Amended Interrogatories and compel MNI to produce documents responsive to all of PIV's Amended Requests for Production of Documents. (Doc. 36 at 19-20.) To the extent that MNI objected to the relevancy and scope of the discovery requests at issue, PIV argued that MNI's objections were untimely and therefore waived. (*Id.*)

The magistrate judge granted the motion to compel, first finding that good cause did not exist to excuse MNI's failure to serve responses or otherwise request an additional extension of time to comply with discovery requests. (Doc. 36 at 5-6.) The magistrate judge also found that MNI's objections to Amended Request for Production Nos. 1-19 and 27-29[4] were untimely and

---

[2] MNI moved to dismiss PIV's first and second amended counterclaims for federal trademark infringement and false designation of origin in addition to PIV's first affirmative defense for incontestability. (Doc. 20.) This Court adopted the magistrate judge's recommendation (Doc. 23) that the motion to dismiss be denied without prejudice for failure to meet and conder as required by this Court's Standing Order. (Doc. 25.)

[3] This Court has summarized the lengthy history leading up to the instant discovery dispute in a previous order and incorporates that by reference here. (*See* Doc. 36.)

[4] In its motion for reconsideration of the magistrate judge's order, MNI claimed that RFP Nos. 1-19, 27-29

therefore waived.[5] (*Id.* at 6-7.) Furthermore, the magistrate judge found that MNI's tax returns dating back to 2017 were relevant to the extent they aided in calculating and proving damages in the trademark action. (Doc. 36 at 8.) In granting the motion to compel, the magistrate judge ordered MNI to serve supplemental responses to the first amended interrogatories and request for production of documents. (*Id.* at 10.) MNI now seeks reconsideration of the magistrate judge's order on the grounds that the findings were clearly erroneous or contrary to law.[6] (*See generally* Doc. 42.)

**II.  Legal Standard**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a). "Matters concerning discovery are generally considered 'nondispositive' of the litigation." *Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show

---

and ROGS 6-8,10-13, and 15-17 were irrelevant because they were "outside the statute of limitations of the claims and defenses asserted in this case." (Doc. 42 at 8.) The magistrate judge did not reach the issue of whether RFP Nos. 1-19, 27-29 and ROGS 6-8,10-13, and 15-17 were relevant under Federal Rule of Civil Procedure 26(b) finding instead that MNI's objections to the relevance of such requests were waived by MNI's untimely response pursuant to FRCP 33(b)(4). Although MNI did not specifically object to Amended Request for Admission No. 9 in its motion for reconsideration, the Court notes that the magistrate judge also did not rule on its relevancy because MNI's objections were untimely. (Doc. 36 at 9.) As detailed below, the Court does not find that the magistrate judge erred in finding that good cause did not exist to excuse MNI's untimely responses. Consequently, the Court declines to address whether these requests are relevant as to the scope of discovery.

[5] When PIV's counsel granted MNI's request for a three-week extension to provide responses and documents, a waiver of objections was attached. For context, counsel "discussed and addressed [MNI's] objections on [counsel's] previous meet and confer and amended the requests accordingly." (Doc. 36 at 4; Doc. 35, Ma Decl. ¶ 9, Ex. G) MNI now argues that by attaching such conditions to an extension with the knowledge that the extension was required because of a catastrophic natural event, PIV ran afoul of the Superior Court of California's Guidelines of Civility. (Doc. 42 at 6.) As this issue was not proffered in the original Joint Statement Regarding Discovery (Doc. 35) and therefore not addressed in the magistrate judge's order, the Court again declines to consider that issue.

[6] On June 20, 2025, this Court issued a minute order requiring the parties to abide by this Court's standing order requiring that the parties meet and confer before filing any motion and for MNI to file a declaration detailing the results of that meet and confer process. (Doc. 47.) On July 9, 2025, MNI filed a declaration detailing the "extensive telephonic conference" between counsel for MNI and counsel for PIV. (Doc. 50 at 2.) The parties were able to distill their discovery disputes into three categories: (1) disputes related to RFP Nos. 1-19 and 27-29 and ROG Nos. 6-8, 10-13, and 15-16; (2) disputes related to RFP No. 36; and (3) dispute related to RFA No. 9. (*Id.*)

1  "what new or different facts or circumstances are claimed to exist which did not exist or were not
2  shown upon such prior motion, or what other grounds exist for the motion." Furthermore, the
3  district judge "may not simply substitute its judgment for that of the deciding court." *United*
4  *States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside
5  an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ.
6  P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019).

7      The "clearly erroneous" standard applies to factual findings and is "significantly
8  deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997);
9  *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the
10 district judge to be "left with the definite and firm conviction" that the magistrate judge made a
11 mistake. *Avalos*, 798 F.Supp.2d at 1160; *see also Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th
12 Cir. 1992) (holding the same).

13     When a challenged order "turns on a pure question of law, [the district judge's] review is
14 plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v.*
15 *Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or
16 misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info.*
17 *Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Consequently, challenged factual
18 conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to
19 determine whether they are contrary to law.

20     A magistrate judge's rulings on relevance in the discovery context, however, are reviewed
21 under the "clearly implicit standard of abuse of discretion." *Geophysical Systems Corp. v.*
22 *Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)). An abuse of discretion is found where
23 a judge bases a decision on an "erroneous conclusion of law" or "where the record contains no
24 evidence on which he rationally could have based that decision." *Premium Service Corp. v.*
25 *Sperry & Hutchinson Co.*, 511 F.2d 224, 229 (9th Cir. 1975).

26 **III.   Discussion and Analysis**
27     **a.   The Magistrate Judge's Evaluation of Good Cause.**
28     MNI argues that the magistrate judge clearly erred or made findings contrary to law in his

4

1  finding that MNI did not proffer any good cause to excuse its failure to provide responses or
2  produce documents by the February 18, 2025, discovery deadline. (Doc. 42 at 5.) MNI's
3  argument is two pronged. First, MNI argues that the magistrate judge incorrectly concluded that
4  MNI's six-day delay[7] in providing responses or producing documents was due to MNI's lack of
5  diligence. (Doc. 42 at 6.) Second, MNI argues that the magistrate judge failed to analyze whether
6  MNI's six-day delay in responding to PIV's discovery requests prejudiced PIV. (Doc 42. at 7.)
7  The Court finds neither argument persuasive.

### i. MNI Failed to Demonstrate Due Diligence.

The Magistrate Judge found that MNI did not demonstrate good cause for failing to meet the February 18, 2025 deadline and that the six-day delay was due to MNI's lack of diligence. MNI counters that the six-day delay in serving its discovery responses was a consequence of the Eaton Fire that affected the Pasadena, California area from January 7, 2025 to January 31, 2025, and not the result of MNI's lack of diligence.

In support of its assertion, MNI makes a labored distinction between MNI's conduct and "the unprecedented circumstances" affecting MNI's counsel: "The issue here is NOT that the Eaton Fire caused MNI to fail or serve its responses…the issue is that the Eaton Fire caused MNI's counsel to delay in serving MNI's responses. The six-day delay was not caused by any conduct of MNI." (Doc. 42 at 7) (emphasis in the original.) MNI does not provide any case law presenting this distinction as relevant to an evaluation of due diligence in the context of demonstrating good cause to excuse a late discovery response.

While the Court is sympathetic to MNI's counsel's situation, the magistrate judge properly applied the appropriate standard of law to facts that are not clearly erroneous to conclude that MNI failed to demonstrate due diligence to excuse not meeting the discovery deadline. The

---

[7] MNI also alleges that PIV refused to grant a six-day extension after MNI failed to meet the initial extended discovery deadline of February 18, 2025. (Doc. 42 at 7.) MNI argues that "PIV's refusal to grant such six-day extension is especially lacking of [sic] civility because PIV was aware of the circumstances of the Eaton Fire facing MNI's counsel." (*Id.*) PIV disputes MNI's allegations, stating that "MNI did not request PIV to provide a six-day extension of the February 18, 2025 deadline; instead, [MNI] provided deficient responses (without any production of documents) under PIV sent a deficiency letter on February 24, 2025." (Doc. 42 at 2) (emphasis in the original). As this issue was not proffered in the original Joint Statement Regarding Discovery (Doc. 35) and therefore not addressed in the magistrate judge's order, the Court again declines to consider these facts at this time.

5

1  magistrate judge found that because (1) the Eaton Fire was fully extinguished on January 31,
2  2025 (three weeks before the extended deadline), (2) MNI's counsel could access his home and
3  law office in Pasadena no later than January 23rd, and (3) MNI did not provide additional
4  examples of collateral consequences attributable to Eaton Fire post-January 31st that may have
5  caused MNI's counsel to delay in responding to discovery, MNI did not demonstrate due
6  diligence in meeting the February 18, 2025 deadline. Therefore, though reasonable minds could
7  reach a different conclusion, it was <u>not clearly erroneous or contrary to law</u> for the magistrate
8  judge to exercise discretion in finding good cause did not exist to excuse MNI's late discovery
9  response.

### ii. The Magistrate Judge Was Not Required to Address Prejudice to the Non-Moving Party When Evaluating Whether Good Cause Exits to Excuse a Late Discovery Response.

13  MNI contends that the magistrate judge's order was "clearly erroneous or contrary to law"
14  because the magistrate judge, when deciding whether good cause existed to excuse a late
15  discovery response, failed to address how MNI's six-day delay in responding to PIV's discovery
16  requests prejudiced PIV. (Doc 42. at 7.) MNI claims that "prejudice is the second factor to
17  consider in evaluating 'good cause' for delay" and cites cases from the First, Eight, and Sixth
18  Circuits as support. (Doc. 42 at 7.)

19  The magistrate judge did not err by failing to address whether PIV suffered prejudice
20  caused by the six-day delay. Prejudice is not a required factor under *Johnson v. Mammoth*
21  *Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The key determination in evaluating good
22  cause is whether the subject deadline "cannot reasonably be met despite the diligence of the party
23  seeking the extension." *Id.* at 609. "Although the existence or degree of prejudice to the party
24  opposing the modification might supply additional reasons to deny a motion, the focus of the
25  inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent,
26  the inquiry should end." *Id.* In other words, prejudice towards the non-moving party is not a
27  required "second factor" that the magistrate judge failed to apply as part of his evaluation of
28  MNI's failure to demonstrate good cause.

Because the magistrate judge correctly concluded that MNI was not diligent in meeting the February 18, 2025 discovery deadline, he was not required to further address whether the six-delay prejudiced PIV. Therefore, it was not clearly erroneous or contrary to law for the magistrate judge to not discussed whether PIV was prejudiced by MNI's delay in responding to discovery requests.[8]

### b. The Magistrate Judge's Finding That MNI's Tax Returns Were Relevant Discovery Is Unsupported.

MNI argues that the Magistrate Judge erred in finding that "the requested financial documents were relevant in calculating and proving damages in this trademark action" (Doc. 36 at 8), given that the tax returns "merely provide total income and expenses." (Doc. 42 at 9.)[9] In response, PIV argues that MNI's tax returns are "extremely relevant in…calculations that include MNI's profits from the sale of infringing products and PIV's lost profits for the purposes of PIV's counterclaims…" (Doc. 43 at 5.) However, PIV fails to explain *how* the tax returns are relevant, let alone extremely so. Though PIV asserts that there may be a way to glean the amount of profits earned by MNI through the accused product from the tax returns, again, why that is the case, is not explained. As pointed out by MNI, a tax return for a business does not, in general, show sales associated only with a specific product. Indeed, in general, a tax return reports the business' total income across all of its income-generating activities. Though there are exceptions, PIV has made no attempt to demonstrate that one exists. The joint statement provided no argument specific to the tax records. Insisting that the tax returns are "extremely" relevant moves the needle not at all. Thus, the Court concludes that seeking these records was, at best, a fishing expedition and, at worst, for purposes of harassment.

Though the magistrate judge found that the tax returns "may" be relevant, like PIV he did not explain how. *Geographic Systems Corp.*, 117 F.R.D. 646 at 647. Despite the broad standard

---

[8] The Court notes that under Fed.R.Civ.P 36(b), courts are required to address prejudice when a party is withdrawing admissions. The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

[9] MNI also argued that the tax returns included highly confidential information which can only be produced by a Protective Order. The protective order has been issued (Doc. 51).

of relevance in the discovery context, the Court concludes that the failure to require a showing as to how the tax returns would yield the needed information, the magistrate judge abused his discretion in finding that entire tax returns beginning in 2017 were relevant under Rule 26(b) and should be produced.

### IV. Conclusion and Order

For the reasons set forth above, MNI fails to show the rulings of the magistrate judge were contrary to law. Thus, the Court **ORDERS:**

1. MNI's request for reconsideration (Doc. 42) is **GRANTED in PART** as to Request for Production 36 and **DENIED** in all other respects.
2. Consistent with this order, MNI **SHALL** comply with the Magistrate Judge's orders **within 14 days** of the date of this order, except as to Request for Production 36.

IT IS SO ORDERED.

Dated:   **November 24, 2025**

UNITED STATES DISTRICT JUDGE

8