# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE'S NOVELTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIV ENTERPRISES, INC., <br><br> Defendant. | Case No.  1:23-cv-01309-JLT-SAB <br><br> ORDER GRANTING MOTION FOR WITHDRAWAL AS COUNSEL FOR DEFENDANTS <br><br> ORDER DIRECTING DEFENDANT PIV ENTERPRISES, INC. TO ACQUIRE NEW REPRESENTATION AND FILE A NOTICE OF APPEARANCE BY NEW COUNSEL <br><br> (ECF No. 75) <br><br> **DEADLINE: TWENTY-ONE DAYS** |

Currently before the Court is a motion by counsel Marc E. Hankin to withdraw as counsel of record for Defendant PIV Enterprises, Inc.  (ECF No. 75.)  Having considered counsel's motion, the declaration attached thereto, the information presented at the March 4, 2026 hearing, as well as the Court's file, the motion to withdraw as counsel shall be granted.

**I.**

**BACKGROUND**

As relevant here, on January 13, 2026, counsel filed a motion to withdraw as attorney of record for Defendant.  (ECF No. 75.)  Plaintiff did not file an opposition to the motion.  The Court held a hearing on this matter on March 4, 2026.  (ECF No. 78.)  Louis Teran appeared via

video on behalf of Plaintiff and Marc Hankin appeared via video on behalf of Defendant PIV Enterprises, Inc. ("PIV").  (Id.)  No one else appeared.

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared.  L.R. 182(d).  The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw."  Id.

It is within the Court's discretion whether to grant withdrawal.  L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)).  "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal."  Id.  Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."  L.R. 182(d).

///

///

## III.

## DISCUSSION

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from representation where a client's conduct "renders it unreasonably difficult for a lawyer to carry out the representation effectively." Counsel proffers withdrawal is necessary due to a "deteriorated [relationship] beyond repair." (ECF No. 75, p. 3.) Examples of the client's conduct include, but are not limited to, abusive language, vulgar insults, disregard for professional boundaries, and communications marked by a frequently harsh tone. (Id.) No individual should ever have to tolerate such inappropriate conduct, let alone an attorney licensed to practice law. This Court would never condone conduct by an attorney in Court and the same can be said for an attorney-client relationship. Tolerance of that conduct in essence condones it. This Court will not allow such conduct. "Stick and stones may break bones," but calling one names will never win. Accordingly, the Court finds that counsel has demonstrated good cause to withdraw.

However, counsel may not terminate representation without taking "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" Cal. Prof. Conduct Rule 1.16(d). Here, counsel notified Defendant of his intent to withdraw, served Defendant with counsel's motion to withdraw, and provided written notice of the consequences of its inability to appear *pro se*. (ECF No. 75, Declaration of Marc E. Hankin, ¶ 5; Ex. 1.) The Court finds that Counsel has taken reasonable steps to avoid foreseeable prejudice.

The Court further finds that granting withdrawal will not prejudice other litigants, harm the administration of justice, or delay resolution of this case. Counsel met and conferred with Plaintiff's counsel regarding the motion, and Plaintiff did not oppose. Additionally, the only matter pending is Plaintiff's motion for summary judgment, which has been fully briefed and will be decided on the papers by the assigned District Judge. (See ECF No. 73.) No other deadlines are presently set.

Having considered the moving papers and the record, the Court finds good cause to

permit withdrawal under the California Rules of Professional Conduct.

**IV.**

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Counsel's motion to withdraw as counsel of record for Defendant PIV Enterprises, Inc. (ECF No. 75) is GRANTED;

2.  Counsel is ORDERED to serve a copy of this order on Defendant PIV Enterprises, Inc. via email and shall provide the Court with a declaration indicating proof of service **within three (3) days** of entry of this order;

3.  The Clerk of Court is DIRECTED to terminate Marc E. Hankin of Hankin Patent Law, APC as attorney of record for Defendant PIV Enterprises, Inc.;

4.  The Clerk of Court is DIRECTED to serve this order on Defendant PIV Enterprises, Inc. at 5211 West Goshen 106 Visalia, CA 93291; and

5.  Because Defendant PIV Enterprises, Inc. is a corporate entity, it is barred from appearing *in propria persona*.  LR. 183(a).  Defendant PIV Enterprises, Inc. therefore has **twenty-one (21) days** from the entry of this order to obtain counsel and file a notice of appearance by new counsel.

IT IS SO ORDERED.

Dated:   **March 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge